FILED

2022 May-13  PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| BRITTANY COLEMAN, *et al.*, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 2:22-cv-00423-NAD |
| | ) | |
| TOWN OF BROOKSIDE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND BRIEF

Comes now the Defendant, Jett's Towing, Inc. ("Jett's"), pursuant to Fed.

R. Civ. P. 8(a), 10(b) and/or 12(b), and moves this Court to DISMISS the Complaint

[Doc. 1] based upon the arguments contained in this Brief:

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................... 2

STANDARD OF REVIEW ................................................................................. 3

ARGUMENT AND AUTHORITY ..................................................................... 5
   **I.**    Count I should be dismissed because Jet's did not violate the
        Plaintiffs' 14 Amendment rights. ..................................................... 5

CONCLUSION .................................................................................................. 8

**INTRODUCTION**

The Complaint was filed on April 4, 2022. Without specifically rehashing all of the allegations being asserted by each of the additional Plaintiffs, the vast majority of the Complaint alleges constitutional violations in regard to the Brookside and its police officers.  Plaintiffs make claims for being stopped "more than 1.5 miles outside of the corporate limits of the Town of Brookside," for being assessed illegal and unconstitutional fines and fees, and for having their automobiles illegally seized and then towed by Jett's Towing, or for being "detained … beyond the initial traffic stop for a traffic violation.  In fact, in the Complaints Fact section, which is over 35 pages, Jett's towing is mentioned very little.  The bare facts and conclusory statements against Jett's towing are that Jett's towed the cars after an arrest and pursuant to Brookside directive; Jett's towing charged a fee for towing and storage (on some occasions); and Jet's towing required a release letter from Brookside, which authorized Jet's to release the vehicle once he was paid for his reasonable and customary towing expenses.    Importantly, there are no facts or claims in the Complaint to suggest that Jett's charged an unreasonable fee for towing or storage because Jett's always charged reasonable towing and storage fees.  There are also no facts stated to support the claims that Jett's and Brookside had any type of agreement or conspired or acted in Agreement to violate the Constitutional rights of the Plaintiffs.  Again, because there was no conspiracy or agreement between Jett's and Brookside to violate the rights of any of the Plaintiffs

or anyone else for that matter.

The Complaint contains four (4) counts on which relief is sought by one or more of the various Plaintiffs.   Counts II, III, and IV do not make any claims against Jett's, and therefore, will not be addressed here.  Count I is the only Count to vaguely make a claim against Jett's.  Count I alleges Brookside and Jett's violated the 14th Amendment to the U.S. Constitution by having an unlawful financial interest in enforcing the laws.  As discussed herein, Count I in which Plaintiffs seeks relief in the Amended Complaint against Jett's is due to be dismissed.

## STANDARD OF REVIEW

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Taken a step further, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A "count supported only by conclusory allegations necessarily fails to state a claim." *L.S. v. Peterson*, 982 F.3d 1323, 1330 (11th Cir. 2020) (citing *Piazza vi. Jefferson Cty.*, 923 F.3d 947, 958 (11th Cir. 2019)).  Additionally, a "complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003).

When ruling on a motion to dismiss filed pursuant to Rule 12(b), the Court must "accept[] the facts alleged in the complaint as true, drawing all reasonable

inferences in the plaintiff's favor." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th

Cir. 2010). However, "the presumption of truth applies only to facts." *Doe v.*

*Samford Univ.*, __F.4th __, No. 21-12592, 2022 U.S. App. LEXIS 7778, *16 (11th

Cir. March 24, 2022). "Factual allegations that are merely consistent with a

defendant's liability fall short of being facially plausible." *Chaparro v. Carnival*

*Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2010). Those allegations "must be enough to

raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007). Therefore, courts must "identify the allegations that are

'no more than conclusions,' [which] are not entitled to the assumption of truth, …

[and then] after disregarding conclusory allegations, [] assume any remaining factual

allegations are true and determine whether those factual allegations 'plausibly give

rise to an entitlement to relief.'" *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th

Cir. 2018) (internal citations omitted).

Furthermore, so-called "shotgun pleadings," such as here, violate the "short

and plain statement" requirement found in Fed. R. Civ. P. 8(a) by "failing … to give

the defendants adequate notice of the claims against them and grounds on which

each claim rests." *Vibe Micro, Inc. v. Shabenets*, 878 F.3d 1291, 1294-95 (11th Cir.

2018). "Dismissal of a complaint as a shotgun pleading is warranted … where the

failure to 'more precisely parcel out and identify the facts relevant to each claim

materially increases the burden of understanding the factual allegations underlying

each count,' or where the complaint indiscriminately lumps together multiple

defendants without specifying how each is responsible for acts or omissions that give rise to a claim for relief." *Clifford v. Federman*, 855 Fed. Appx. 525, 528 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cty. Sheriff's Ofc*., 792 F.3d 1313, 1323-25 (11th Cir. 2015))."

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiffs' claim against Jett's in the Complaint is due to be dismissed for failure to state a claim upon which relief can be granted, for failure to plead facts that give rise to a plausible claim for relief, and for asserting "shotgun" allegations.

### I.   Count I Should be dismissed against Jett's because Jett's did not violate plaintiffs' 14th Amendment.

Jett's did not have a financial incentive to violate the Plaintiffs' 14 Amendment rights by having an unlawful financial interest in enforcing the laws. In fact, Jet's is a towing company and has no authority to enforce the laws. Brookside officers enforced the laws, and once a person was arrested, Jett's would be contacted to tow the vehicle.  At all times, Jet's acted professional and charged a reasonable fee to tow the vehicle and to store the vehicle.  There is absolutely no mention in the Complaint that Jet's charged an unreasonable fee for anything. Simply put, Jet's was called to do a job, they did the job, and they received reasonable fee for doing the job.  Whether the stop and arrest were unconstitutional haa no bearing on Jet's as Jet's has no authority to challenge the stop or arrest. Furthermore, Jett's has nothing to do with the stop, arrest, or the decision to tow the vehicle of the Plaintiffs.  Brookside Police are the only ones who decided to

stop, arrest and have the vehicle towed.  Jett's towing had no knowledge of why

the Plaintiffs were stopped, why they were arrested or the grounds for which

Brookside Police authorized the tow of their vehicle.  Whether Brookside Police

violated the Plaintiffs Constitutional rights has noting to do with Jett's.  Jett's has

done absolutely nothing wrong, and the Complaint fails to state a claim or relief

against him. Furthermore, the mere vague allegation should be dismissed because

the Plaintiffs failed to plead any facts to support this and because Jett's is not a

government agency, and therefore, cannot violate a person's Constitutional rights.

Vague allegations in a Complaint of an agreement or conspiracy is not

enough to establish a cause of action. *Fullman v. Graddick*, 739 F.2d 553, 557 (11th

Cir. 1984). "Conclusory allegations of agreement or conspiracy are insufficient."

*Quality Auto Painting Ctr. of Roselle v. State Farm Indem. Co.*, 917 F.3d 1249,

1626 (11th Cir. 2019).  These claims against Jett's should be dismissed because the

Complaint omits the necessary factual allegations to support a conspiracy or

agreement between the Brookside officers and Jett's towing.  As stated earlier, the

only factual allegation against Jett's is that Jett's towed Plaintiffs' vehicles and

charged a reasonable fee for doing so.  There are no factual allegations of an

agreement or conspiracy to violate Plaintiffs' Constitutional Rights. Because there

are no factual allegations to support an Agreement or conspiracy between the

Brookside officers and Jett's to violate the Plaintiffs' constitutional rights, the

Complaint fails to state a plausible conspiracy claim in any of its Counts.

Moreover, Jett's is not a governmental agency and cannot violate a person's Constitutional rights. Again, the Complaint alleges Brookside, not Jett's, illegally stopped the Plaintiffs, illegally arrested the Plaintiffs, illegally seized their vehicles, and illegally caused their vehicles to be towed. Jett's has no knowledge of whether this is true or not; however, one thing is certain, Jett's did not illegal stop, arrest, seize their vehicle, or cause their vehicle to be towed. Alabama law clearly provides authority for law enforcement to have vehicles towed incident to arrest. Ala. Code 35-5A-139. Jett's has no legal authority to cause a vehicle to be towed, nor does Jett's have authority to challenge a police officer stop, arrest, seizure of vehicle, or authorizing a tow.

Jett's could not have agreed or conspired with Brookside to violate the Plaintiffs' 14th Amendment rights because Jett's is not a government entity and because the fees paid to Jett's for their towing service and storage were charged by Jett's and paid to Jett's. Jett's did not collect fees for Brookside and Brookside did not collect fees for Jet's. Under Alabama law, the fees imposed by Jett's to tow and impound are not imposed by the state and are not payable to the state government. Rather they are imposed by and payable to Jett's. Al. Code 32-6-19(c). ("The law enforcement officer making the impoundment shall direct an approved towing service to tow the vehicle to the garage of the towing service, storage lot, or other place of safety and maintain custody and control of the vehicle until the registered owner or authorized agent of the registered owner claims the vehicle by paying all reasonable and customary towing and storage fees for the services of the towing company…any towing service or towing company removing a vehicle at the discretion of the law enforcement

officer in accordance with this section shall have a lien on the vehicle"). There are no factual allegations that Jett's charged an unreasonable amount for towing and storage, and there cannot be because Jett's charged a reasonable amount for towing and storage. Thus, all counts against Jett's should be dismissed.

## CONCLUSION

WHEREFORE, the foregoing premises considered, the Defendant Jett's would ask this Court to GRANT its Motion and to DISMISS Complaint against it and would ask for any other relief as deemed appropriate.

Respectfully submitted,

/s/ Jay Tidwell
Jay Tidwell
*Attorneys for Jett's Towing*

OF COUNSEL:

**Tidwell Law Group, LLC**
2001 Park Place N, Suite 253
Birmingham, AL 35203
jay@tidwelllawgroup.com

CERTIFICATE OF
SERVICE

     I certify that a copy of the above and foregoing has been electronically filed with the Clerk of the Court on this the 13th day of May 2022 using the CM/ECF system which will send notification of such filing upon the following parties.

William M.
Dawson
**DAWSON LAW OFFICE**
BILL@BILLDAWSONLAW.COM

Jaba Tsitsuashvili

Samuel B. Gedge

Suranjan Sen

William R. Maurer
**INSTITUTE FOR JUSTICE**
JSITSUASHVILE@IJ.ORG
SGEGDE@IJ.ORG
SSEN@IJ.ORG
WMAURER@IJ.ORG

          /s/ Jay Tidwell
          OF COUNSEL