FILED

2022 May-13  PM 04:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| BRITTANY COLEMAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-00423-NAD |
| | ) | |
| TOWN OF BROOKSIDE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT TOWN OF BROOKSIDE'S MOTION TO DISMISS THE COMPLAINT

COMES NOW the Defendant, the Town of Brookside, and moves this Honorable Court, pursuant to Fed. R. Civ. P. 8(a) and 12(b), to DISMISS the Complaint against it, averring as follows:

### INTRODUCTION

In Alabama, possession of marijuana is a crime. Ala. Code § 13A-12-214. Operating an automobile without a driver's license is a crime. Ala. Code § 32-6-1. Driving with a suspended license is a crime. Ala. Code § 32-6-19. Driving without liability insurance is a crime. Ala. Code § 32-7A-16. Someone charged with these criminal violations while driving an automobile, will regularly have his or her automobile towed as a result. *See* Ala. Code § 32-6-19 (stating that the "vehicle, regardless of ownership or possessory interest of the operator or person present in the vehicle, except when the owner of the vehicle or another family member of the

owner is present in the vehicle and presents a valid driver's license, **shall be**
**impounded by any duly sworn law enforcement officer**") (emphasis added); Ala.
Code § 32-7A-16(c) (stating that a "motor vehicle may be impounded at the
discretion of a law enforcement officer if the operator fails to provide evidence of
registration and insurance as required by [law]"); Ala. Code 32-13-2 (providing
discretion to law enforcement officers to impound vehicles subsequent to arrest).

All of the named Plaintiffs were either arrested or issued citations for
possession of marijuana or operating a motor vehicle with a suspended or revoked
driver's license, and thereafter had the cars they were driving towed.  The Plaintiffs'
Complaint states three Counts against the Town of Brookside: Count I for "Biased
Towing and Impounding;" Count II for "Biased Law Enforcement and Prosecution;"
and Count III for "Biased Adjudication." The Complaint's Count IV has not been
made against the Town.  All claims against the Town have been brought for alleged
violations of the Fourteenth Amendment and pursuant to 42 U.S.C. § 1983.  For the
reasons to be discussed more fully herein, all of the Plaintiffs' claims and counts
found in their Complaint are due to be DISMISSED.

## STANDARD OF REVIEW

A complaint may be dismissed for "failure to state a claim upon which relief
can be granted." Fed. R. Civ. P. 12(b)(6).  Taken a step further, "[t]o survive a motion
to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A "count supported only by conclusory allegations necessarily fails to state a claim." *L.S. v. Peterson*, 982 F.3d 1323, 1330 (11th Cir. 2020) (citing *Piazza v. Jefferson Cty.*, 923 F.3d 947, 958 (11th Cir. 2019)).  Additionally, a "complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003).

When ruling on a motion to dismiss filed pursuant to Rule 12(b), the Court must "accept[] the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010).  However, "the presumption of truth applies only to facts." *Doe v. Samford Univ.*, 29 F.4th 675, 685 (11th Cir. 2022).  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2010). Those allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Therefore, courts must "identify the allegations that are 'no more than conclusions,' [which] are not entitled to the assumption of truth, … [and then] after disregarding conclusory allegations, [] assume any remaining factual allegations are true and determine whether those

factual allegations 'plausibly give rise to an entitlement to relief.'" *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (internal citations omitted).

Furthermore, so-called "shotgun pleadings," such as here, violate the "short and plain statement" requirement found in Fed. R. Civ. P. 8(a) by "failing … to give the defendants adequate notice of the claims against them and grounds on which each claim rests." *Vibe Micro, Inc. v. Shabenets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). "Dismissal of a complaint as a shotgun pleading is warranted … where the failure to 'more precisely parcel out and identify the facts relevant to each claim materially increases the burden of understanding the factual allegations underlying each count,' or where the complaint indiscriminately lumps together multiple defendants without specifying how each is responsible for acts or omissions that give rise to a claim for relief." *Clifford v. Federman*, 855 Fed. Appx. 525, 528 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cty. Sheriff's Ofc.*, 792 F.3d 1313, 1323-25 (11th Cir. 2015)).

## ARGUMENT AND CITATION OF AUTHORITY

All three Counts made against the Town of Brookside allege bias at various stages of criminal proceedings resulting from the Town's supposedly unlawful financial interests. All three claim a violation of the Plaintiffs' Fourteenth Amendment rights, but the Complaint does not identify the specific right allegedly infringed. As the United States Supreme Court has long since noted, Section 1983

"'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979) and citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). The validity of a § 1983 "claim must then be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized [] standard." *Graham*, 490 U.S. at 394. Furthermore, the "type of Fourteenth Amendment interest that is implicated has important effects on the nature of the constitutional claim and the availability of § 1983 relief." *Daniels v. Williams*, 474 U.S. 327, 337 (1986).

The Fourteenth Amendment's Due Process Clause, the only provision Plaintiffs have invoked, "provides for protection in two forms, substantive due process and procedural due process." *Barr v. Jefferson Cnty. Barber Comm'n*, 250 F. Supp. 3d 1245, 1253 (N.D. Ala. 2017). "A finding that a right merits substantive due process protection means that the right is protected 'against certain government actions regardless of the fairness of the procedures used to implement them.'" *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994)(en banc) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)). "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright*, 510 U.S. at 272

(citing *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 847-849 (1992)).  No such rights seem to have been mentioned in the Complaint, and thus the Plaintiffs' claims must necessarily be for procedural due process violations.

The hallmark of procedural due process is "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)(internal citations omitted).  Due process "is a flexible concept that varies with the particular situation." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).  "In a procedural due process claim, it is not the deprivation of property or liberty that is unconstitutional; it is the deprivation of property or liberty *without due process of law* – without adequate procedures." *Daniels v. Williams*, 474 U.S. 327, 339 (1986) (Stevens, J., concurring) (emphasis original).  In this Circuit, "a §1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).

The Plaintiffs' Complaint fails at every step to plausibly allege facts capable of supporting claims for a Fourteenth Amendment procedural due process violation. It fails to plead facts capable of supporting that any of the officers who towed any of the Plaintiffs' vehicles had a "financial interest" in doing so.  In addition to failing to identify the specific right which the Plaintiffs' claim the Fourteenth Amendment

protects, the Complaint also fails to plead the process to which the Plaintiffs' would claim they were due.  Moreover, and particularly important to their § 1983 claims here, the Complaint fails to allege that the Plaintiffs had inadequate post-deprivation procedures available to them.  For all of these reasons, their Complaint is due to be DISMISSED.

## I.     Count I Fails to State a Claim for Relief against the Town

Count I of the Complaint asserts a Fourteenth Amendment violation claim for the biased towing and impounding of the Plaintiffs' vehicles due to the Town of Brookside's "unlawful financial interest." [Doc. 1, p. 54].  In support of this Count, the Plaintiffs allege that the "Due Process Clause of the Fourteenth Amendment requires that law enforcement be neutral, impartial, and objective." [*Id.*, ⁋ 235]. Respectfully, the undersigned counsel for the Town of Brookside is unaware of any such requirements imposed by the Fourteenth Amendment.  Indeed, "a state legislature 'may, and often ought to, stimulate prosecutions for crime by offering to those who shall initiate and carry on such prosecutions rewards for thus acting in the interest of the State and the people.'" *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 249 (1980) (quoting *Tumey v. Ohio*, 273 U.S. 510, 535 (1927)).  Furthermore, the Town has an interest in towing the Plaintiffs' vehicles to encourage compliance with the law, and to deter continued violations. *See Scofield v. Hillsborough*, 862 F.2d 759, 763 (9th Cir. 1988) (holding that by "towing unregistered vehicles, the government

removes these automobiles from the public streets, encourages owners to maintain automobile registration, and deters owners from violating state registration laws").

The Fourteenth Amendment does, however, require procedural safeguards capable of reasonably ensuring against erroneous deprivations. The Plaintiffs' Complaint does not allege, plausibly or otherwise, that they had no adequate procedures for reviewing their alleged deprivations. It instead alleges, in conclusory fashion, that "Brookside police … have an incentive to seize, tow, and impound vehicles," "violating the due process rights of Named Plaintiffs." [Doc. 1, ¶ 242]. This supposed incentive or bias, even if proven, does not necessarily result in a Due Process violation. *See McKinney v. Pate*, 20 F.3d 1550, 1562 (11th Cir. 1994) (noting that a "demonstration that the decisionmaker was biased [] is not tantamount to a demonstration that there has been a denial of procedural due process"). Rather, a "procedural due process violation is only cognizable under § 1983 'when the state refuses to provide a process sufficient to remedy the procedural deprivation.'" *Collier v. Conway*, 672 Fed. Appx. 950, 952 (11th Cir. 2016) (quoting *McKinney*, 20 F.3d at 1557).

Alabama's state courts have any number of ways that the Plaintiffs could have sought to remedy any claimed procedural deficiencies. For example, the Eleventh Circuit has specifically recognized that "'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient post-deprivation

remedy when it extends to unauthorized seizures of personal property by state officers." *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009). Alabama's tort law for conversion of property, codified at Ala. Code § 6-5-260, provides such a post-deprivation remedy and obviates the need to file a procedural due process claim pursuant to § 1983.[1] *See Hogan v. Vestavia Hills Police Dep't*, Case No. 2:16-cv-00648-KOB-TMP, 2018 U.S. Dist. LEXIS 185665, at *19-20 (N.D. Ala. Sept. 19, 2018); *Scurry v. Atkins*, Case No. 6:16-cv-00966-LSC-SGC 2017 U.S. Dist. LEXIS 60963, at *5-6 (N.D. Ala. Feb. 27, 2017); *Dawson v. City of Montgomery*, Case No. 06-cv-1057-WKW, 2008 U.S. Dist. LEXIS 19833, at *22-23 (M.D. Ala. March 6, 2008); *Browning v. City of Wedowee*, F. Supp. 618, 623 (M.D. Ala. 1995).

Given the availability of post-deprivation remedies to the Plaintiffs in Alabama's state courts, they have failed to state a Fourteenth Amendment claim in Count I of the Complaint and it is due to be DISMISSED. *See Cotton v. Jackson*, 216 F.3d 1328, 1333 (11th Cir. 2000) (holding that where a plaintiff "has failed to show that inadequate state remedies were available to [him or her]," he or she "has failed to state a claim for a procedural due process violation"); *Laskar v. Peterson*, 771 F.3d 1291, 1301 (11th Cir. 2014) (affirming dismissal of complaint pursuant to

---

[1]    This is not to imply that the tort of conversion is the only remedial measure available to the Plaintiffs.

Rule 12(b)(6) for plaintiff's failure to state a procedural due process claim where "the state makes available a means to remedy the deprivation").

## II.    Count II Fails to State a Claim for Relief against the Town

Count II of the Complaint asserts a Fourteenth Amendment violation claim for biased law enforcement and prosecution of the Plaintiffs, again resulting from an alleged "unlawful financial interest." [Doc. 1, p. 57].  Now, the Plaintiffs allege that the "Due Process Clause of the Fourteenth Amendment requires that law enforcement <u>and prosecutors</u> be neutral, impartial, and objective." [*Id.*, ⁋ 248 (emphasis added)].  The *Marshall* Court, however, held otherwise. 446 U.S. at 248 (noting, in an adversary system, "[p]rosecutors need not be entirely 'neutral and detached'" and quoting *Ward v. Monroeville*, 409 U.S. 57, 62 (1972)).  For the same reasons addressed in Part I, *supra*, Count II of the Complaint is due to be DISMISSED for failure to state a procedural due process claim.

## III.    Count III Fails to State a Claim for Relief against the Town

Count III of the Plaintiffs' Complaint asserts a claim for allegedly biased adjudication of crimes tried in the Brookside Municipal Court. [Doc. 1, p. 60].  In support of Count III's allegations, the Plaintiffs assert that the "Due Process Clause of the Fourteenth Amendment prohibits judicial officers or municipal courts from having, or appearing to have, a direct or indirect financial interest in a proceeding, regardless of whether that interest is institutional or personal." [*Id.*, ⁋ 259].  This

statement appears to stretch the Fourteenth Amendment too far, but certainly courts have held that it prohibits situations where a judicial decision maker has "a direct, personal, substantial, pecuniary interest" in the outcome of a particular case. *Caperton v. A. T. Massey Coal Co.*, 556 U.S. 868, 876 (2009)(quoting *Tumey*, 273 U.S. at 523). The Plaintiffs' Complaint fails to plead facts that plausibly support any such "direct, personal, and substantial pecuniary interest" of the Brookside Municipal Court's judicial officers. Furthermore, and assuming *arguendo* that the Plaintiffs had alleged facts demonstrating a direct financial interest of a judicial officer, they have still failed to state a procedural due process violation claim because they have not alleged an inadequate remedy available to them under Alabama law for that claimed bias.

Count III of the Complaint is also due to be dismissed because the Town of Brookside cannot be held liable under § 1983 for decisions and actions of the Brookside Municipal Court, part of the State of Alabama's Unified Judicial System. Under the Judicial Article found in Amend. 328 to the Alabama Constitution of 1901, the Brookside Municipal Court is a part of the State of Alabama's judiciary. Indeed, the Constitution, the organic law of the State of Alabama, "vests the judicial power of the state in a unified judicial system," which specifically includes municipal courts. *Hornsby v. Sessions*, 703 So. 2d 932, 939 (Ala. 1997); Ala. Const. of 1901, Art. VI, § 139 (the "judicial power of the state shall be vested **exclusively**

**in a unified judicial system** which shall consist of … such municipal courts as may be provided by law"); Ala. Code § 12-1-2 (the "judicial power of the state is vested exclusively in a unified judicial system" and the municipal courts of Alabama are part of that "unified judicial system").

Furthermore, judges and magistrates of municipal courts must take the Oath of Office required of State officers by Ala. Const. Art. XVI, § 279. Ala. Code § 12-14-30; Ala. R. J. Admin. 18(IV); *State ex rel. Burdett v. Coats*, 500 So.2d 1, 2 (Ala. 1986)(noting that § 279 "requires an oath of office to support the Constitutions of the United States and Alabama from all members of the Legislature, and all officers, executive and judicial, [because they are] invested with the sovereign power of the State of Alabama").[2]   When lawfully holding office, the judges comprising Alabama's judiciary may only be removed from their positions via the Judicial Inquiry Commission ("JIC") and the Court of the Judiciary.  *Ex parte Hann*, 592 So.2d 577, 578 (Ala. 1992) (holding that the "JIC and the Court of the Judiciary have exclusive jurisdiction" "to remove sitting judges from office").

Therefore, the Brookside Municipal Court is not a department of the Town of Brookside, but part of the judiciary of the State of Alabama, and it cannot be a

---

[2]     The forms documenting theses Oaths of Office are distributed and maintained by the Alabama Administrative Office of Courts. *See* http://judicial.alabama.gov/library/rules/mc14.pdf and http://judicial.alabama.gov/library/rules/c71.pdf.  After taking and signing the Oath, a municipal court judge must send a copy of the same to the Office of the Alabama Secretary of State. Ala. Code § 12-14-30(f).

political subdivision subject to suit pursuant to § 1983.  The Town simply cannot be liable for any alleged actions or omissions of the Brookside Municipal Court. Municipalities "can never be liable under § 1983 for the acts of those whom [it] has no authority to control." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1292 (11thCir. 1998).  Conversely, "municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible." *St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

Clearly, that is not the case here; the State of Alabama is responsible for the Brookside Municipal Court.  It cannot reasonably be disputed that the Town of Brookside has no authority to control the workings of the Brookside Municipal Court because the Alabama Supreme Court – not the municipality where a court sits – exercises supervision and control over municipal courts. *State Farm Mut. Auto. Ins. Co. v. Robbins*, 541 So. 2d 477, 479 (Ala. 1989); Ala. Const. of 1901, Art. VI, § 140. Irrespective of the Town's lack of control, any adverse adjudications of the Municipal Court are subject to appeal. *See* Ala. Code § 12-14-70; Ala. R. Crim. P. 30.3 (a "defendant may appeal from a final judgment in a criminal case entered by a municipal or a district court").  Very simply, a "municipality cannot be liable for judicial conduct it lacks the power to require, control, or remedy." *Eggar v. City of Livingston*, 40 F.3d 312, 315 (9th Cir. 1994).

Given the Town's lack of authority over the Brookside Municipal Court, Count III is due to be DISMISSED for failure to state a claim upon which relief can be granted. *See Teagan v. City of McDonough*, 949 F.3d 670, 678 (11th Cir. 2020) (holding that municipality cannot be held liable pursuant to § 1983 for municipal court convictions appealable to a higher court).

## CONCLUSION

WHEREFORE, the foregoing premises considered, the Defendant Town of Brookside would respectfully ask this Court to DISMISS the Complaint against it, and for any further relief deemed appropriate under the circumstances.

s/ R. Warren Kinney
James W. Porter II (POR001)
Richard Warren Kinney (KIN068)
*Attorneys for Town of Brookside*

OF COUNSEL:

**Porter, Porter & Hassinger, P.C.**
880 Montclair Rd, Suite 175
Birmingham, AL 35213
jwporterii@pphlaw.net
wkinney@pphlaw.net

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on the 13th day of May, 2022 a copy of the above and foregoing was served by copy of same using the CM/ECF Electronic Filing System.

Jaba Tsitsuashvili
Samuel B. Gedge
Suranjan Sen
William R. Maurer
**INTSITUTE FOR JUSTICE**
sgedge@ij.org
jtsitsuashvili@ij.org
ssen@ij.org
wmaurer@ij.org

William M. Dawson
**Dawson Law Office**
1736 Oxmoor Road, #101
Birmingham, AL 35209
bill@billdawsonlaw.com

s/ R. Warren Kinney
OF COUNSEL