# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| BRITTANY COLEMAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-00423-NAD |
| ) | |
| TOWN OF BROOKSIDE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT TOWN OF BROOKSIDE'S MOTION TO DISMISS THE COMPLAINT AS TO CHEKEITHIA GRANT AND ALEXIS THOMAS

COMES NOW the Defendant, the Town of Brookside, and moves this Honorable Court to DISMISS the Complaint as to Plaintiffs Chekeithia Grant and Alexis Thomas, averring as follows:

## INTRODUCTION

In Alabama, possession of marijuana is a crime. Ala. Code § 13A-12-214. Plaintiffs Chekeithia Grant and Alexis Thomas were arrested and charged with possession of marijuana by Brookside police officers on February 15, 2020. [Doc. 1, ¶ 171, 197]. Brookside's police officer stopped Plaintiff Thomas for having a tag light out on the car she was driving. [*Id.*, ¶ 172]. A "second officer approached and immediately claimed to smell marijuana." [*Id.*, ¶ 175]. Plaintiff Thomas called Plaintiff Grant, her mother, who thereafter came to where Brookside officers had stopped Thomas along the side of Interstate 22. [*Id.*, 179].

When Grant arrived, officers were searching the car that had been driven by Plaintiff Thomas. [*Id.*]. Plaintiff Grant told one of the officers that her purse was in the car driven by Thomas. [*Id.*, ¶ 181]. That purse contained "a small prescription bottle" with "marijuana." [*Id.*, ¶183]. Upon claiming the purse as her own, Plaintiff Grant was placed under arrest along with Plaintiff Thomas. [*Id.*, ¶ 184]. Brookside's officers then "had both cars (the one Alexis [Thomas] was driving and the one Chekeithia [Grant] was driving) towed and impounded by Jett's Towing." [*Id.,* ¶185]. Police officers are authorized by statute to tow cars upon arrest of their driver. Ala. Code § 32-13-2(a)(2).

## ARGUMENT AND CITATION OF AUTHORITY

### I. The Applicable Statute of Limitations Bars the Claims of Chekeithia Grant and Alexis Thomas

A "complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003). All claims asserted by Plaintiffs Thomas and Grant are barred by the applicable statute of limitations, and they should be dismissed as parties to this action. Every claim found in the Plaintiffs' Class Action Compliant has been brought pursuant to 42 U.S.C. § 1983. [Doc. 1, p. 54, 57, 60, and 63]. Since 42 U.S.C. § 1983 does not contain a statute of limitations, though, federal courts must look to the most analogous state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). The personal injury statute of limitations of

the forum state has been held to be the "most analogous" for claims brought under § 1983. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Following *Okure*, the Eleventh Circuit has held that § 1983 actions filed in Alabama are thus subject to a two-year statute of limitations pursuant to Ala. Code § 6-2-38. *Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

As the Class Action Complaint specifically notes, Plaintiffs Grant and Thomas were stopped, arrested and had the cars they were driving towed on February 15, 2020. Their Complaint was filed on April 4, 2022. Therefore, all claims of Plaintiffs Thomas and Grant made against the Town of Brookside are due to be dismissed based upon the face of the Complaint.

## CONCLUSION

WHEREFORE, the foregoing premises considered, the Defendant Town of Brookside would respectfully ask this Court to DISMISS the Complaint against it as to Plaintiffs Alexis Thomas and Chekeithia Grant based upon the applicable statute of limitations. It would also ask for DISMISSAL of the Complaint for those reasons found in the Town's motion to dismiss generally all claims of all Plaintiffs, filed contemporaneously herewith.

        s/ R. Warren Kinney
        James W. Porter II (POR001)
        Richard Warren Kinney (KIN068)
        *Attorneys for Town of Brookside*

OF COUNSEL:

**Porter, Porter & Hassinger, P.C.**
880 Montclair Rd, Suite 175
Birmingham, AL 35213
jwporterii@pphlaw.net
wkinney@pphlaw.net

# CERTIFICATE OF SERVICE

      I do hereby certify that on the 13th day of May, 2022 a copy of the above and foregoing was served by copy of same using the CM/ECF Electronic Filing System.

Jaba Tsitsuashvili
Samuel B. Gedge
Suranjan Sen
William R. Maurer
**INTSITUTE FOR JUSTICE**
sgedge@ij.org
jtsitsuashvili@ij.org
ssen@ij.org
wmaurer@ij.org

William M. Dawson
**Dawson Law Office**
1736 Oxmoor Road, #101
Birmingham, AL 35209
bill@billdawsonlaw.com

                                               s/ R. Warren Kinney
                                               OF COUNSEL