# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

BRITTANY COLEMAN, *et al.*,    )
)
    Plaintiffs,        )
)
v.                       )      Case No. 2:22-cv-00423-RDP
)
TOWN OF BROOKSIDE, *et al.*,  )
)
    Defendants.      )

## MOVANT TOWN OF BROOKSIDE'S MOTION TO
## DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Defendant, the Town of Brookside, and moves this Honorable Court, pursuant to Fed. R. Civ. P. 8(a), 12(b) and 23, to DISMISS the First Amended Complaint against it, averring as follows:

## TABLE OF CONTENTS

INTRODUCTION…………………………………………………………….3

STANDARD OF REVIEW…………………………………………………...4

ARGUMENT AND AUTHORITY…………………………………………...6

    I.     All Plaintiffs' Class Claims should be DISMISSED because, as
           Pleaded, They do not Plausibly Satisfy Rule 23's Requirements………..7

          A. On the Face of the First Amended Complaint, Plaintiff'
             Class Claims do not Satisfy Rule 23(a)'s Requirements……………..9

          B. Plaintiffs' Class Claims, as Pleaded, do not Satisfy
             the Requirements of Rule 23(b)(2) and/or 23(b)(3)…………………13

1. The individualized injunctive and monetary relief
Plaintiffs' seek precludes their ability to plausibly
plead a Rule 23(b)(2) class………………………………………14

2. The First Amended Complaint demonstrates that
individual, rather than common, questions predominate
and that Plaintiffs will not be able to satisfy Rule (b)(3)…………15

II.   All Counts Asserted against the Town in the First Amended
Complaint Fail to Allege a Fourteenth Amendment Violation………….17

A. Count 1 Fails to State a Claim for Relief against the Town..………..22

B. Count 2 Fails to State a Claim for Relief against the Town…………25

C. Count 3 Fails to State a Claim for Relief against the Town…………26

D. Count 4 Fails to State a Claim for Relief against the Town…………30

CONCLUSION……………………………………………………………...31

CERTIFICATE OF NON-FRIVOLITY………………………………………..32

CERTIFICATE OF SERVICE…………………………………………………32

## INTRODUCTION

In Alabama, possession of marijuana is a crime. Ala. Code § 13A-12-214. Driving an automobile without a driver's license is a crime. Ala. Code § 32-6-1. Driving with a suspended license is a crime. Ala. Code § 32-6-19.[1] Driving without liability insurance is a crime. Ala. Code § 32-7A-16.  Someone charged with these criminal violations while driving an automobile, will regularly have his or her automobile towed as a result.  *See* Ala. Code § 32-6-19 (stating that the "vehicle, regardless of ownership or possessory interest of the operator or person present in the vehicle, except when the owner of the vehicle or another family member of the owner is present in the vehicle and presents a valid driver's license, **shall be** impounded by any duly sworn law enforcement officer") (emphasis added); Ala. Code § 32-7A-16(c) (stating that a "motor vehicle may be impounded at the discretion of a law enforcement officer if the operator fails to provide evidence of registration and insurance as required by [law]"); Ala. Code 32-13-2 (providing discretion to law enforcement officers to impound vehicles subsequent to arrest).

All of the named Plaintiffs were either arrested or issued citations for possession of marijuana or operating a motor vehicle with a suspended or revoked

---

[1] Ordinarily, when someone has had his or her driver's license suspended, it is a punishment for having already committed another crime. *See, e.g.,* Ala. Code § 32-5A-191(e) (stating that upon being convicted of driving under the influence for the first time, "the Secretary of the Alabama State Law Enforcement Agency shall suspend the driving privilege or driver's license of the person convicted for a period of 90 days").

driver's license, and thereafter had the cars they were driving towed.  The Plaintiffs'

First Amended Complaint states four Counts against the Town of Brookside: Count

1 for "Biased Towing and Impounding;" Count 2 for "Biased Law Enforcement and

Prosecution;" Count 3 for "Biased Adjudication," and Count 4 for "Retention of

Vehicles on Condition of Payment." The Complaint's Count 5 has not been made

against the Town.  All claims against the Town have been brought on behalf of a

class of individuals for alleged violations of the Fourteenth Amendment and

pursuant to 42 U.S.C. § 1983.  For the reasons to be discussed more fully herein, all

of the Plaintiffs' claims, counts and class allegations are due to be DISMISSED.

## STANDARD OF REVIEW

A complaint may be dismissed for "failure to state a claim upon which relief

can be granted." Fed. R. Civ. P. 12(b)(6).  Taken a step further, "[t]o survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009).  A "count supported only by conclusory allegations necessarily fails to

state a claim." *L.S. v. Peterson*, 982 F.3d 1323, 1330 (11th Cir. 2020) (citing *Piazza

v. Jefferson Cty.*, 923 F.3d 947, 958 (11th Cir. 2019)).  Additionally, a "complaint is

subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show

that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d

1352, 1357 (11th Cir. 2003).

When ruling on a motion to dismiss filed pursuant to Rule 12(b), the Court must "accept[] the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). However, "the presumption of truth applies only to facts." *Doe v. Samford Univ.*, 29 F.4th 675, 685 (11th Cir. 2022). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2010). Those allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, courts must "identify the allegations that are 'no more than conclusions,' [which] are not entitled to the assumption of truth, … [and then] after disregarding conclusory allegations, [] assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (internal citations omitted).

Furthermore, so-called "shotgun pleadings," such as here, violate the "short and plain statement" requirement found in Fed. R. Civ. P. 8(a) by "failing … to give the defendants adequate notice of the claims against them and grounds on which each claim rests." *Vibe Micro, Inc. v. Shabenets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). "Dismissal of a complaint as a shotgun pleading is warranted … where the failure to 'more precisely parcel out and identify the facts relevant to each claim

materially increases the burden of understanding the factual allegations underlying each count,' or where the complaint indiscriminately lumps together multiple defendants without specifying how each is responsible for acts or omissions that give rise to a claim for relief." *Clifford v. Federman*, 855 Fed. Appx. 525, 528 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cty. Sheriff's Ofc.*, 792 F.3d 1313, 1323-25 (11th Cir. 2015)).

## ARGUMENT AND CITATION OF AUTHORITY

The first three Counts made against the Town of Brookside allege bias at various stages of criminal proceedings resulting from the Town's supposedly unlawful financial interests. The fourth Count asserts wrongful retention of vehicles on condition of payment of mandatory impound fees. All four Counts assert a violation of the Plaintiffs' Fourteenth Amendment rights. The First Amended Complaint, though, nowhere identifies the specific right allegedly infringed. It does not even specify whether the Plaintiffs seek relief based upon the Fourteenth Amendment's procedural or substantive components.

Nevertheless, the First Amended Complaint, like the original, continues to seek certification of a class of Plaintiffs, despite failing to even specify the constitutional right allegedly violated by the Town of Brookside. Given this deficiency, the Plaintiffs First Amended Complaint fails to plausibly allege facts capable of supporting a claim for relief and is due to be dismissed pursuant to Rule

8(a) and/or 12(b).  The First Amended Complaint also fails to plausibly allege facts capable of showing that the Plaintiffs can meet Rule 23's requirements for class certification, and even were the Plaintiffs' individual claims to survive dismissal, the class allegations certainly cannot.

## I.    Plaintiffs' Class Claims should be DISMISSED because, as Pleaded, they do not Plausibly Satisfy Rule 23's Requirements

In their First Amended Complaint, the Plaintiffs have sought to certify two classes of individuals. [Doc. 32, p. 69-71].  The first purported class, which the Plaintiffs refer to as the "Towing Class," would consist of:

> All persons who, since March 1, 2018, have paid fees to either the Town of Brookside or Jett's Towing (or both) to secure the release of a vehicle towed on the orders of the Brookside Police Department following a traffic stop.[2]

[p. 69].  The Towing Class would also contain a "sub-class," referred to as the "Vehicle Retention Sub-Class," consisting of:

> All persons who, since June 17, 2020, have paid fees to the Town of Brookside to secure the release of a vehicle towed on the orders of the Brookside Police Department following a traffic stop.

[p. 71].  The second purported class, which the Complaint refers to as the "Charging Class," would consist of:

---

[2]      Even if such a class could be maintained (it cannot be), the class definition is facially invalid because it seeks inclusion of prospective members whose individual claims fall outside the statute of limitations period. The statute of limitations period for § 1983 claims brought in Alabama is two years. *See Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

> All persons who have been charged with offenses in Brookside
> Municipal Court following traffic stops by the Brookside Police
> Department since March 1, 2018.

[p. 70]. Given the overly-broad, "fail-safe" nature of these class definitions, the First Amended Complaint cannot meet one or more of the stringent requirements imposed by Fed. R. Civ. P. 23.

Class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). "All else being equal, the presumption is against class certification because class actions are an exception to our constitutional tradition of individual litigation." *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016). "A class action may be maintained only when it satisfies all the requirements of [Rule] 23(a) and at least one of the alternative requirements of Rule 23(b)." *Rutstein v. Avis Rent-A-Car Systems, Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000). The Rule 23(a) requirements for certification of any class action are that:

> (1) the class is so numerous that joinder of all members is
> impracticable; (2) there are questions of law or fact common to the
> class; (3) the claims or defenses of the representative parties are typical
> of the claims or defenses of the class; and (4) the representative parties
> will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). That is, "Rule 23(a) requires every putative class to satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation." *Calderone v. Scott*, 838 F.3d 1101, 1104 (11th Cir. 2016). As

pleaded, Plaintiffs' proposed classes lack facial plausibility to satisfy Rule 23's requirements. *See Stepanovich v. City of Naples*, 728 F. App'x 891, 903 (11th Cir. 2018)("avoiding the imposition of discovery on facially implausible claims is one of the key functions of 12(b)(6)").[3]

### A. On the Face of the First Amended Complaint, Plaintiffs' Class Claims do not Satisfy Rule 23(a)'s Requirements

The First Amended Complaint does not allege facts from which this Court can infer that Plaintiffs' proposed classes would plausibly satisfy Rule 23's commonality requirement.  Commonality, as demanded by Rule 23(a)(2), requires that "there are questions of law or fact common to the class." *Wal-Mart v. Dukes*, 564 U.S. 338, 349 (2011).  "That common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Carriuolo v. Gen. Motors Co*., 823 F.3d 977, 984 (11th Cir. 2016) (quoting *Dukes*, 564 U.S. at 342).

In *Wal-mart v. Dukes*, the Supreme Court addressed commonality in the context of a putative class alleging Title VII sex discrimination.  The plaintiffs alleged that Wal-Mart discriminated against all female employees "on the basis of

---

[3]    The Town of Brookside respectfully submits that this result is the same under Rule 12(f) and Rule 23(d), which provide the Court with the means to strike class action allegations now and prevent wasteful discovery.  Furthermore, the Supreme Court has recognized that a court may determine at the pleading stage whether a plaintiff can satisfy Rule 23's class certification requirements. *See Gen. Tel. Co. of Southwest. v. Falcon*, 457 U.S. 147, 160 (1982).

their sex by denying them equal pay or promotions." *Id*. at 343. In holding the plaintiffs failed to establish commonality, the Supreme Court made clear that it is not enough for there to be "common" questions; the class members' "claims must depend upon a common contention." *Id.* at 350. And that common contention, the Supreme Court reiterated "must be [of] such a nature that it is capable of classwide resolution." *Id.*.

The Supreme Court continued that "the mere claim by employees of the same company that they have suffered [the same injury], gives no cause to believe that all their claims can productively be litigated at once." *Id.* The Court found a significant gap between "(a) an individual's claim that he has been denied a promotion [or higher pay] on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claim will share common questions of law or fact and that the individual's claim will be typical of the class claims." *Id.* at 352-53 (quoting *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157-158 (1982)). The latter requires some glue to hold together the alleged reasons for all challenged decisions such "that examination of all the class members' claims for relief will produce a common answer to the crucial question why was [any individual class member] disfavored." *Id.* at 352.

In this case, the Plaintiffs allege that their proposed classes be certified as consisting of "all persons who have been charged with offenses in Brookside Municipal Court following traffic stops," regardless of the egregiousness of the violation, *e.g.*, driving drunk, and "all persons who … have paid fees … to secure the release of a vehicle towed." [Doc. 32, p. 69-70].  As an initial matter, the Plaintiffs simply ignore that they were charged with committing various crimes, and impliedly seek to attack every one of those criminal charges through their class action allegations.  Thus, the Plaintiffs improperly seek to challenge, all at once, the individualized circumstances relating to every traffic stop performed by different Brookside police officers that resulted in varying criminal charges, irrespective of the severity of those charges, the evidence supporting them, and/or the law governing them.

Moreover, all of the Plaintiffs' claims and class allegations presuppose that their Fourteenth Amendment rights were violated because of the alleged "bias" of Brookside police officers performing a traffic stop and initiating criminal charges. But the officers' bias, *i.e.* their subjective intent, has absolutely no bearing on the reasonableness of any individual's traffic stop, arrest, or tow of her vehicle, which is governed by the Fourth Amendment.[4]  "[T]he Fourth Amendment's concern with

---

[4] The Plaintiffs' claims should be analyzed under Fourth, *not* Fourteenth, Amendment jurisprudence. *See* County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998)(noting that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth

'reasonableness' allows certain actions to be taken in certain circumstances, whatever the subjective intent." *Whren v. United States*, 517 U.S. 806, 814 (1996); *see also Heien v. North Carolina*, 135 S. Ct. 530, 539 (2014) (noting that courts "do not examine the subjective understanding of the particular officer involved"). "As long as the officers are engaging in 'objectively justifiable behavior under the Fourth Amendment,' their subjective intentions will not undermine their authority to stop or search." *United States v. Spivey*, 861 F.3d 1207, 1215 (11th Cir. 2017) (quoting *Whren*, 517 U.S. at 812).

Thus, the specific factual circumstances of each and every proposed class members' interaction with a Brookside police officer must necessarily become squarely at issue, rendering the allegations in this case completely unfit for resolution on a class-wide basis. As in *Dukes*, an assessment of reasonable suspicion or probable cause to initiate a traffic stop, impose criminal charges and/or tow someone's vehicle will have absolutely no relevance to determining the reasonableness of doing so regarding another individual. As in *Dukes*, the necessity for an individualized inquiry into the grounds for each and every traffic stop, by different police officers bringing different criminal charges eliminates any "glue" that might seemingly hold together the Plaintiffs' overly broad class definitions.

---

Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of [] due process").

Therefore, the First Amended Complaint, on its face, fails to plausibly satisfy Rule 23(a)'s commonality requirement and its class allegations should be DISMISSED.

Neither does it satisfy Rule 23(a)'s typicality requirement. The "typicality" requirement turns on whether "the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1357 (11th Cir. 2009). None of the named Plaintiffs have alleged that the factual circumstances relevant to their claims are the same as those of other potential class members, or even other named Plaintiffs for that matter. "Typicality is not present if," like here, "the class representatives are subject to unique defenses that could be central to the litigation," such as whether Plaintiffs (or class members) were stopped for the same moving violation and/or without reasonable suspicion to do so. *See Wright v. Circuit City Stores*, Inc., 201 F.R.D. 526, 544 (N.D. Ala. 2001). Therefore, individualized proof and unique defenses will be central to the Plaintiffs' allegations. Following *Wright,* Plaintiffs' class claims cannot plausibly satisfy Rule 23(a)'s typicality requirement. They should be DISMISSED.

### B. Plaintiffs' Class Claims, as Pleaded, do not Satisfy the Requirements of Rule 23(b)(2) and/or (b)(3)

Even if Plaintiffs could satisfy Rule 23(a), which they cannot, their class claims, as pleaded, cannot plausibly satisfy Rule 23(b)'s requirements. Plaintiffs plead their class claims under (b)(2) and (b)(3). [Doc. 32, p. 48, 52]. Rule 23(b)(2)

permits certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  Rule 23(b)(3) requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). As pleaded, Plaintiffs' class claims do not plausibly satisfy either.

1. The individualized injunctive and monetary relief Plaintiffs seek precludes their ability to plausibly plead a Rule 23(b)(2) class

The key to the (b)(2) class, explained the Supreme Court in *Dukes*, is the availability of a single injunction or declaratory judgment to provide relief to each member of the class:

> Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant.

*Dukes*, 564 U.S. at 360-61. Here, the First Amended Complaint fails to properly describe any single injunction or declaratory judgment that would provide relief generally applicable to Plaintiffs' classes. To the contrary, the First Amended Complaint, for example, seeks the Court to

14

> Declare, on a class-wide basis for each Count, that Brookside's municipal policy, practice, or custom of enforcing municipal violations in a manner that incentivizes or prioritizes (or, for Count 3, appears to incentivize or prioritize) maximizing or increasing Brookside's revenue violates the Due Process Clause of the Fourteenth Amendment, [and then to] … permit class members to pursue damages caused by Brookside's unconstitutional policy, practice, or custom of enforcing municipal violations in a manner that violates the Due Process Clause of the Fourteenth Amendment.

[Doc. 32, p. 70].  Any such requested declaration would necessarily have to assess the evidence and probable cause to support the criminal charges asserted against each and every putative Plaintiff.  This result precludes Rule 23(b)(2) certification.

Stated differently, Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Dukes*, 564 U.S. at 361. Not only would the First Amended Complaint require an injunction tailored to the specific criminal charges against each Plaintiff and putative member of the class, it would also seek individualized awards of monetary damages. Doing so is therefore fatal to Rule 23(b)(2) certification. Accordingly, Plaintiffs' class claims cannot plausibly proceed under Rule 23(b)(2).

2. The First Amended Complaint demonstrates that individual, rather than common, questions predominate and that Plaintiffs will not be able to satisfy Rule (b)(3)

Rule 23(b)(3)'s predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997). This inquiry is similar to the commonality

inquiry, but "[i]f anything, Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). Here, as explained, Plaintiffs' class claims lack plausible factual allegations sufficient to demonstrate that they will satisfy Rule 23's commonality requirement. In the absence of commonality, it cannot be said that common issues predominate. Plaintiffs' class claims, therefore, cannot plausibly proceed past Rule 23(b)(3).

Moreover, predominance tests whether common issues "have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief." *Carriuolo*, 823 F.3d at 985. The predominance requirement is not met if, "as a practical matter, the resolution of an overarching common issue breaks down into an unmanageable variety of individual legal and factual issues." *Id*. A cursory review of the First Amended Complaint renders implausible any alleged predominance.

As previously mentioned, the Plaintiffs' claims ignore (but would require) consideration of the specific reasons supporting every traffic stop at issue and the probable cause to support every resulting criminal citation.  These reasons are absolutely crucial to analyzing whether the traffic stops and criminal charges are proper.  So, for each Plaintiff and each member of each class, the Court would need to first identify every criminal charge imposed by different police officers, along with the evidence, reasonable suspicion and/or probable cause to support it, and the

16

Municipal Court's disposition of every charge.[5] This is the very "unmanageable variety of individual legal and factual issues" that cannot satisfy Rule 23(b)(3)'s predominance requirement. *Carriuolo*, 823 F.3d at 985.   For this reason too, Plaintiffs' class claims cannot plausibly meet the requirements of Rule 23(b)(3), and should be DISMISSED.

## II.   All Counts Asserted against the Town in the First Amended Complaint Fail to Allege a Fourteenth Amendment Violation

As the United States Supreme Court has long since noted, Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'  The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979) and citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).  The validity of a § 1983 "claim must then be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized [] standard." *Graham*, 490 U.S.

---

[5]    As to each and every charge, *Dukes* entitles the Town to assert proof, on an individual basis, that a decision regarding any particular criminal violation was made based upon the existence of reasonable suspicion and/or probable cause as opposed to the Plaintiffs' contention that it was based upon impermissible financial incentives. *See, e.g., July v. Bd. of Sch. Comm'rs*, 291 F.R.D. 653, 658 (S.D. Ala. 2013) ("Under *Dukes*, [a defendant's] entitlement to offer such proof on an individual basis dooms the plaintiffs' request for certification . . . ."). To hold otherwise, the *Dukes* Court made clear, would violate the Rules Enabling Act. *Dukes*, 564 U.S. at 366-67; *see also Tuscumbia City Sch. Sys. v. Pharmacia Corp.*, 2013 U.S. Dist. LEXIS 86516, * 27 (N.D. Ala. June 20, 2013) ("The [REA] and due process prevent plaintiff from stitching together or amalgamating disparate claims.") (internal quotation and citation omitted)).

at 394.  Furthermore, the "type of Fourteenth Amendment interest that is implicated has important effects on the nature of the constitutional claim and the availability of § 1983 relief." *Daniels v. Williams*, 474 U.S. 327, 337 (1986).

The Fourteenth Amendment's Due Process Clause, the only provision Plaintiffs have invoked, "provides for protection in two forms, substantive due process and procedural due process." *Barr v. Jefferson Cnty. Barber Comm'n*, 250 F. Supp. 3d 1245, 1253 (N.D. Ala. 2017).  "Substantive due process rights are created only by the Constitution." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1048 (11th Cir. 2002).  "A finding that a right merits substantive due process protection means that the right is protected 'against certain government actions regardless of the fairness of the procedures used to implement them.'" *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994)(en banc) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)).  "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright*, 510 U.S. at 272 (citing *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 847-849 (1992)).

No such rights seem to have been mentioned in the First Amended Complaint, and thus the Plaintiffs' claims must, by process of elimination, be for procedural due process violations.  This is especially so considering that the Plaintiffs' claims assert, in one form or another, biased decision-making by Town officials, and such claims

are "procedural, not substantive, due process claim[s]." *Artistic Entm't, Inc. v. City of Warner Robins*, 134 Fed. Appx. 306, 309 n. 3 (11th Cir. 2005) (citing *McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994)(en banc)); *C.B. by & Through Breeding v. Driscoll*, 82 F.3d 383, 387 (11th Cir. 1996)(noting that plaintiff's "quarrel with [defendant's] supposed bias is also properly seen as an alleged deprivation of procedural, not substantive, due process").

Even were the Plaintiffs' claims somehow being asserted under the substantive due process component of the Fourteenth Amendment (which, again, the First Amended Complaint does not specify), those claims would only be subject to a rational basis review because they do not assert infringement upon a fundament right. *See Albright, supra; Ga. Elec. Life Safety & Sys. Ass'n v. City of Sandy Spring*, 965 F.3d 1270, 1275 (11th Cir. 2020)(noting that where a law "does not infringe on a fundamental right or discriminate on account of a suspect classification, but instead is a general economic regulation, we review it only for a rational basis"). The rational basis test is "highly deferential to government action." *Jones v. Gov. of Fla.*, 950 F.3d 795, 809 (11th Cir. 2020). "Under rational basis review, [the government] is 'not required to convince the courts of the correctness of their legislative judgments' … [and] [a]ny challenge to the Ordinance must 'negate every conceivable basis that might support it, even if that basis has no foundation in the record." *City of Sandy Springs*, 965 F.3d at 1276.

Against this backdrop, very little is necessary to show that the fines and fees imposed by the Town of Brookside and/or the Brookside Municipal Court are rationally related to a governmental interest. The fines and costs imposed by the Brookside Municipal Court are governed by the Alabama Rules of Judicial Administration and numerous other Alabama statutes and Legislative Acts. *See, e.g.,* Ala. R. J. Admin. 20, Ala. Code §§ 12-14-14, 12-19-180, 12-19-250, Act No. 2012-535. These laws require that much (*or most*) of the "revenue" collected by the Municipal Court be allocated to such places, among others, as the State of Alabama's general fund, the Fair Trial Tax fund, the State Judicial Administration Fund, and the Presiding County Circuit Judge's Administration Fund. As to the City's vehicle impound release fee, it is used to defray the costs incurred by making an inventory of the vehicle's contents, ensuring that the vehicle is released upon receipt of proper documentation, and, as the Ordinance providing for the fee explicitly states, "enhance[ing] the criminal enforcement efforts of the department in combating illegal drugs." Brookside Ordinance No. 533. Thus, the Plaintiffs cannot show that the fines and fees collected by the Town or the Municipal Court have no conceivable basis that might support them. Regardless, the Plaintiffs' claims sound of alleged procedural, rather than substantive, due process violations. *Driscoll*, *supra.*

The hallmark of procedural due process is "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Matthews v. Eldridge*, 424 U.S. 319,

333 (1976)(internal citations omitted).  Due process "is a flexible concept that varies

with the particular situation." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).  "In a

procedural due process claim, it is not the deprivation of property or liberty that is

unconstitutional; it is the deprivation of property or liberty *without due process of

law* – without adequate procedures." *Daniels v. Williams*, 474 U.S. 327, 339 (1986)

(Stevens, J., concurring) (emphasis original).  In this Circuit, "a §1983 claim alleging

a denial of procedural due process requires proof of three elements: (1) a deprivation

of a constitutionally-protected liberty or property interest; (2) state action; and (3)

constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th

Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).

The Plaintiffs' First Amended Complaint fails at every step to plausibly allege

facts capable of supporting claims for a Fourteenth Amendment procedural due

process violation.  It fails to plead facts capable of plausibly satisfying Rule 23's

requirements.  It fails to plead facts capable of supporting that any of the officers

who towed any of the Plaintiffs' vehicles had a "financial interest" in doing so or

that they lacked probable cause.  In addition to failing to identify the specific right

which the Plaintiffs' claim the Fourteenth Amendment protects, the First Amended

Complaint also fails to plead the process to which the Plaintiffs' would claim they

were due.  Moreover, and particularly important to their § 1983 claims here, the

Complaint fails to allege that the Plaintiffs had inadequate post-deprivation

procedures available to them.   For all of these reasons, their First Amended Complaint is due to be DISMISSED.

### A. Count 1 Fails to State a Claim for Relief against the Town

Count 1 of the First Amended Complaint asserts a Fourteenth Amendment violation claim for the biased towing and impounding of the Plaintiffs' vehicles due to the Town of Brookside's "unlawful financial interest." [Doc. 1, p. 54].  In support of this Count, the Plaintiffs allege that the "Due Process Clause of the Fourteenth Amendment requires that law enforcement be neutral, impartial, and objective." [*Id.*, ¶ 235].  Regardless of the accuracy of this claim, the Eleventh Circuit very recently held that the Fourteenth Amendment requires only the same level of impartiality to law enforcement as it does to prosecutors. *Brucker v. City of Doraville*, __ F.4th __, 2022 U.S. App. LEXIS 17465, * 23 (11th Cir. June 24, 2022).   In *City of Doraville*, the Court held that absent any allegations tying the number of citations issued to a police officer's salary or the retention of his job, the plaintiffs could not show a level of impartiality rising to a constitutional violation. *Id.* (citing *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 250-51 (1980)).

Indeed, "a state legislature 'may, and often ought to, stimulate prosecutions for crime by offering to those who shall initiate and carry on such prosecutions rewards for thus acting in the interest of the State and the people.'" *Jerrico, Inc.*, 446 U.S. at 249 (quoting *Tumey v. Ohio*, 273 U.S. 510, 535 (1927)).  Furthermore, the

Town has an interest in towing the Plaintiffs' vehicles to encourage compliance with the law, and to deter continued violations. *See Scofield v. Hillsborough*, 862 F.2d 759, 763 (9th Cir. 1988) (holding that by "towing unregistered vehicles, the government removes these automobiles from the public streets, encourages owners to maintain automobile registration, and deters owners from violating state registration laws").

The Fourteenth Amendment does, however, require procedural safeguards capable of reasonably ensuring against erroneous deprivations. The Plaintiffs' First Amended Complaint does not allege, plausibly or otherwise, that they had no adequate procedures for reviewing their alleged deprivations. It instead alleges, in conclusory fashion, that "Brookside police … have an incentive to seize, tow, and impound vehicles," "violating the due process rights of Named Plaintiffs." [Doc. 32, ⁋ 369]. This supposed incentive or bias, even if proven, does not necessarily result in a Due Process violation. *See McKinney v. Pate*, 20 F.3d 1550, 1562 (11th Cir. 1994) (noting that a "demonstration that the decisionmaker was biased [] is not tantamount to a demonstration that there has been a denial of procedural due process"). Rather, a "procedural due process violation is only cognizable under § 1983 'when the state refuses to provide a process sufficient to remedy the procedural deprivation.'" *Collier v. Conway*, 672 Fed. Appx. 950, 952 (11th Cir. 2016) (quoting *McKinney*, 20 F.3d at 1557).

Alabama's state courts have any number of ways that the Plaintiffs could have sought to remedy any claimed procedural deficiencies.  For example, the Eleventh Circuit has specifically recognized that "'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient post-deprivation remedy when it extends to unauthorized seizures of personal property by state officers." *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009).  Alabama's tort law for conversion of property, codified at Ala. Code § 6-5-260, provides such a post-deprivation remedy and obviates the need to file a procedural due process claim pursuant to § 1983.[6] *See Hogan v. Vestavia Hills Police Dep't*, Case No. 2:16-cv-00648-KOB-TMP, 2018 U.S. Dist. LEXIS 185665, at *19-20 (N.D. Ala. Sept. 19, 2018); *Scurry v. Atkins*, Case No. 6:16-cv-00966-LSC-SGC 2017 U.S. Dist. LEXIS 60963, at *5-6 (N.D. Ala. Feb. 27, 2017); *Dawson v. City of Montgomery*, Case No. 06-cv-1057-WKW, 2008 U.S. Dist. LEXIS 19833, at *22-23 (M.D. Ala. March 6, 2008); *Browning v. City of Wedowee*, F. Supp. 618, 623 (M.D. Ala. 1995).

Given the availability of post-deprivation remedies to the Plaintiffs in Alabama's state courts, they have failed to state a Fourteenth Amendment claim in Count I of the Complaint and it is due to be DISMISSED. *See Cotton v. Jackson*, 216 F.3d 1328, 1333 (11th Cir. 2000) (holding that where a plaintiff "has failed to

---

[6]     This is not to imply that the tort of conversion is the only remedial measure available to the Plaintiffs.

show that inadequate state remedies were available to [him or her]," he or she "has

failed to state a claim for a procedural due process violation"); *Laskar v. Peterson*,

771 F.3d 1291, 1301 (11th Cir. 2014) (affirming dismissal of complaint pursuant to

Rule 12(b)(6) for plaintiff's failure to state a procedural due process claim where

"the state makes available a means to remedy the deprivation").

### B. Count 2 Fails to State a Claim for Relief against the Town

Count 2 of the Complaint asserts a Fourteenth Amendment violation claim for

biased law enforcement and prosecution of the Plaintiffs, again resulting from an

alleged "unlawful financial interest." [Doc. 32, p. 59].  Now, the Plaintiffs allege

that the "Due Process Clause of the Fourteenth Amendment requires that law

enforcement <u>and prosecutors</u> be neutral, impartial, and objective." [*Id.*, ¶ 378

(emphasis added)].  The *Marshall* Court, however, held otherwise. 446 U.S. at 248

(noting that, in an adversary system, "[p]rosecutors need not be entirely 'neutral and

detached'" and quoting *Ward v. Monroeville*, 409 U.S. 57, 62 (1972)).   Like its

police officers, any alleged bias on behalf of Brookside's prosecutor cannot result in

a Fourteenth Amendment violation absent plausible factual allegations showing that

his pay depends on the number of cases he handles or that he has executive authority

over the revenue derived from the fines and fees imposed in those cases. *City of*

*Doraville*, 2022 U.S. App. LEXIS 17465, at * 21-22.   For the same reasons

addressed in Part A, *supra*, Count 2 of the Complaint is due to be DISMISSED for failure to state a procedural due process claim.

### C. Count 3 Fails to State a Claim for Relief against the Town

Count 3 of the Plaintiffs' Complaint asserts a claim for allegedly biased adjudication of crimes tried in the Brookside Municipal Court. [Doc. 32, p. 61].  In support of Count 3's allegations, the Plaintiffs assert that the "Due Process Clause of the Fourteenth Amendment prohibits judicial officers or municipal courts from having, or appearing to have, a direct or indirect financial interest in a proceeding, regardless of whether that interest is institutional or personal." [*Id.*, ℙ 329].  This statement appears to stretch the Fourteenth Amendment too far, but certainly courts have held that it prohibits situations where a judicial decision maker has "a direct, personal, substantial, pecuniary interest" in the outcome of a particular case. *Caperton v. A. T. Massey Coal Co.*, 556 U.S. 868, 876 (2009)(quoting *Tumey*, 273 U.S. at 523); *see also City of Doraville*, 2022 U.S. App. LEXIS 17465, at * 21-22.. The Plaintiffs' Complaint fails to plead facts that plausibly support any such "direct, personal, and substantial pecuniary interest" of the Brookside Municipal Court's judicial officers.

Furthermore, and assuming *arguendo* that the Plaintiffs had alleged facts demonstrating a direct financial interest of a judicial officer and/or the Brookside Municipal Court, they have still failed to state a procedural due process violation

claim because they have not alleged an inadequate remedy available to them under Alabama law for that claimed bias.  In every case tried before Alabama's municipal courts, a criminal defendant has a right to an appeal for a trial *de novo*. Ala. Code § 12-14-70(c)(stating that a "defendant may appeal in any [municipal court] case within 14 days from the entry of judgment"); Ala. R. Crim P. 30.1 (a "defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo").  Given the procedural remedy in the form of an appeal, the Plaintiffs have no claim for a procedural due process violation. *McKinney*, 20 F.3d at 1562.

Count 3 of the Complaint is also due to be dismissed because the Town of Brookside cannot be held liable under § 1983 for decisions and actions of the Brookside Municipal Court, part of the State of Alabama's Unified Judicial System. Under the Judicial Article found in Amend. 328 to the Alabama Constitution of 1901, the Brookside Municipal Court is a part of the State of Alabama's judiciary. Indeed, the Constitution, the organic law of the State of Alabama, "vests the judicial power of the state in a unified judicial system," which specifically includes municipal courts. *Hornsby v. Sessions*, 703 So. 2d 932, 939 (Ala. 1997); Ala. Const. of 1901, Art. VI, § 139 (the "judicial power of the state shall be vested **exclusively in a unified judicial system** which shall consist of … such municipal courts as may

be provided by law"); Ala. Code § 12-1-2 (the "judicial power of the state is vested exclusively in a unified judicial system" and the municipal courts of Alabama are part of that "unified judicial system").

Furthermore, judges and magistrates of municipal courts must take the Oath of Office required of State officers by Ala. Const. Art. XVI, § 279. Ala. Code § 12-14-30; Ala. R. J. Admin. 18(IV); *State ex rel. Burdett v. Coats*, 500 So.2d 1, 2 (Ala. 1986)(noting that § 279 "requires an oath of office to support the Constitutions of the United States and Alabama from all members of the Legislature, and all officers, executive and judicial, [because they are] invested with the sovereign power of the State of Alabama").[7]   When lawfully holding office, the judges comprising Alabama's judiciary may only be removed from their positions via the Judicial Inquiry Commission ("JIC") and the Court of the Judiciary.  *Ex parte Hann*, 592 So.2d 577, 578 (Ala. 1992) (holding that the "JIC and the Court of the Judiciary have exclusive jurisdiction" "to remove sitting judges from office").

Therefore, the Brookside Municipal Court is not a department of the Town of Brookside, but part of the judiciary of the State of Alabama, and it cannot be a political subdivision subject to suit pursuant to § 1983.  The Town simply cannot be

---

[7]     The forms documenting theses Oaths of Office are distributed and maintained by the Alabama Administrative Office of Courts. *See* http://judicial.alabama.gov/library/rules/mc14.pdf and  http://judicial.alabama.gov/library/rules/c71.pdf.  After taking and signing the Oath, a municipal court judge must send a copy of the same to the Office of the Alabama Secretary of State. Ala. Code § 12-14-30(f).

liable for any alleged actions or omissions of the Brookside Municipal Court. Municipalities "can never be liable under § 1983 for the acts of those whom [it] has no authority to control." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1292 (11thCir. 1998). Conversely, "municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible." *St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

Clearly, that is not the case here; the State of Alabama is responsible for the Brookside Municipal Court. It cannot reasonably be disputed that the Town of Brookside has no authority to control the workings of the Brookside Municipal Court because the Alabama Supreme Court – not the municipality where a court sits – exercises supervision and control over municipal courts. *State Farm Mut. Auto. Ins. Co. v. Robbins*, 541 So. 2d 477, 479 (Ala. 1989); Ala. Const. of 1901, Art. VI, § 140. Irrespective of the Town's lack of control, any adverse adjudications of the Municipal Court are subject to appeal. *See* Ala. Code § 12-14-70; Ala. R. Crim. P. 30.3 (a "defendant may appeal from a final judgment in a criminal case entered by a municipal or a district court"). Very simply, a "municipality cannot be liable for judicial conduct it lacks the power to require, control, or remedy." *Eggar v. City of Livingston*, 40 F.3d 312, 315 (9th Cir. 1994).

Given the Town's lack of authority over the Brookside Municipal Court, Count 3 is due to be DISMISSED for failure to state a claim upon which relief can

be granted. *See Teagan v. City of McDonough*, 949 F.3d 670, 678 (11th Cir. 2020) (holding that municipality cannot be held liable pursuant to § 1983 for municipal court convictions appealable to a higher court).

### D. Count 4 Fails to State a Claim for Relief against the Town

Count 4, like the first three, has been brought pursuant to 42 U.S.C. § 1983 for alleged Fourteenth Amendment violations.  In this Count, the Plaintiffs claim that "[c]onditioning the return of … vehicles on the payment to Brookside of a fee … violates Brandon Jones's and the Sub-Class's rights under the Due Process Clause of the Fourteenth Amendment." [Doc. 32, ⁋ 412].  Section 1983, though, "is not a font of tort law [that] converts [every] state law tort claim[] into [a] federal cause[] of action." *Echols v. Lawton*, 913 F.3d 1313, 1326 (11th Cir. 2019) (quoting *Waddell v. Hemerson*, 329 F.3d 1300, 1305 (11th Cir. 2003)).  The Plaintiffs First Amended Complaint nowhere provides facts capable of plausibly asserting that the Town's retention of vehicles violates the Fourteenth Amendment, and Count 4 should be dismissed on this ground in-and-of itself

Assuming, *arguendo*, that the continued retention of vehicles until receipt of payment is wrongful, "'no procedural due process violation has occurred if a meaningful postdeprivation remedy for the loss is available.'" *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) (quoting *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991)); *see also* Part II, B, *supra.*  Because Alabama has procedural mechanisms

available that would allow for the Plaintiffs to contest what they believe was the wrongful retention of their vehicles, they have failed to state a claim upon which relief can be granted in Count 4, and it is due to be DISMISSED. *Laskar v. Peterson*, 771 F.3d at 1301 (affirming dismissal of action where "the state makes available a means to remedy the deprivation").

## CONCLUSION

WHEREFORE, the foregoing premises considered, the Defendant Town of Brookside would respectfully ask this Court to DISMISS the First Amended Complaint against it, and for any further relief deemed appropriate under the circumstances.

s/ R. Warren Kinney
James W. Porter II (POR001)
Richard Warren Kinney (KIN068)
*Attorneys for Town of Brookside*

OF COUNSEL:

**Porter, Porter & Hassinger, P.C.**
880 Montclair Rd, Suite 175
Birmingham, AL 35213
jwporterii@pphlaw.net
wkinney@pphlaw.net

## CERTIFICATE OF NON-FRIVOLITY

I do hereby certify that as counsel for the Town of Brookside I have diligently sought to submit only those documents, factual allegations and arguments that are material to the issues to be resolved in this motion and that all submissions are non-frivolous in nature.

s/ R. Warren Kinney
OF COUNSEL

## CERTIFICATE OF SERVICE

I do hereby certify that on the 1st day of July, 2022 a copy of the above and foregoing was served by copy of same using the CM/ECF Electronic Filing System.

Jaba Tsitsuashvili
Samuel B. Gedge
Suranjan Sen
William R. Maurer
**INTSITUTE FOR JUSTICE**
sgedge@ij.org
jtsitsuashvili@ij.org
ssen@ij.org
wmaurer@ij.org

William M. Dawson
**Dawson Law Office**
1736 Oxmoor Road, #101
Birmingham, AL 35209
bill@billdawsonlaw.com

Tom S. Hale
**Hale Sides LLC**
600 Financial Center
505 20th Street North
Birmingham, Alabama 35203
thale@halesides.com

s/ R. Warren Kinney
OF COUNSEL