# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **BRITTANY COLEMAN, et al.,** | } |
| **Plaintiffs,** | } |
| v. | } Case No.: 2:22-cv-00423-RDP |
| **THE TOWN OF BROOKSIDE, ALABAMA, et al.,** | } |
| **Defendants.** | } |

## **MEMORANDUM OPINION**

This is case is one of several putative class actions filed in the Northern District of Alabama challenging the Town of Brookside's alleged "policing for profit" policies.[1] Because two earlier-filed cases are pending before Judge Anna Manasco, Plaintiffs ask the court to reassign this case to her. (Doc. # 48). Plaintiffs' motion raises this question: when different plaintiffs bring different claims in the same district, against the same defendant, challenging the same policies, should later-filed cases be reassigned to the first-filed judge?

To be clear, this situation does not implicate the "first-filed rule," which applies when two or more cases involving essentially the same parties and issues are filed in different federal district courts. *See e.g.*, *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). The first-filed rule generally involves the court presiding over a later-filed case being called upon to decide whether to transfer the case to the court with the first-filed case, since the

---

[1] These cases include:
- *Wattson v. Town of Brookside*, No. 2:21-cv-649-AMM (filed May 7, 2021);
- *Thomas v. Town of Brookside*, No. 2:22-cv-157-AMM (filed February 6, 2022); and
- *Coleman v. Town of Brookside*, No. 2:22-cv-423-RDP (filed April 4, 2022).

There are also two individual actions against the Town of Brookside pending before this court and Magistrate Judge Nicholas Danella:
- *Moffett v. Town of Brookside*, No. 2:22-cv-255-RDP (filed February 25, 2022); and
- *Jones v. Town of Brookside*, No. 2: 22-cv-472-NAD (filed April 13, 2022).

latter has no authority to reach across districts and take a case from a sister court. *Id*. When two cases are filed in a single district however, "District Judges have the inherent power to transfer cases from one to another for the expeditious administration of justice." *United States v. Stone*, 411 F.2d 597, 599 (5th Cir. 1969).[2] Given "the district court's broad authority over its own docket," a district judge may "reassign cases at its discretion, consistent with its local rules."[3] *United States v. Santiago*, No. 21-12360, 2022 WL 2048489, at *2 (11th Cir. June 7, 2022); *Stone*, 411 F.2d at 598 ("District judges may by rule, order or consent transfer cases between themselves.").

In this situation, it is the judge presiding over the earlier-filed cases (here, Judge Manasco) who is in the best position to determine whether (and when) to reassign actions that may benefit from coordinated case management. Accordingly, Plaintiffs' motion before the undersigned (Doc. # 48) is due to be administratively terminated. If Plaintiffs wish to renew the motion, they must file it in one of the earlier-filed cases before Judge Manasco. A corresponding order will be entered.

**DONE** and **ORDERED** this September 22, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[2] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981 constitute binding precedent in the Eleventh Circuit).

[3] The Northern District of Alabama has not promulgated local rules governing case reassignment within the district.