UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRITTANY COLEMAN, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.: 2:22-cv-00423-RDP |
| } | |
| **THE TOWN OF BROOKSIDE,** } | |
| **ALABAMA, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This case is before the court on Defendants Marcus Sellers, Mareshah[1] Moses, and Anthony Ragsdale's Motion for Summary Judgment. (Doc. # 52). The Motion is fully briefed and ripe for review. (Docs. # 53, 61). For the reasons explained in this Memorandum Opinion, the Motion (Doc. # 52) is due to be denied.

**I.   BACKGROUND**[2]

On April 4, 2020, Plaintiff Brittany Coleman was driving on the highway in Brookside, Alabama, when Defendant Brookside Police Officer Marcus Sellers conducted a traffic stop because he observed that Plaintiff was following the car in front of her too closely. (Docs. # 60-1 ¶ 1; 53 at 6). When Officer Sellers came to Plaintiff's window, he claimed to smell marijuana and ordered Plaintiff to exit the vehicle. (Doc. # 60-1 ¶ 3).

---

[1] Officer Moses's first name is spelled as "Maresha" in Plaintiff's Complaint (Doc. # 32), but is spelled "Mareshah" in Defendants' Motion for Summary Judgment and supporting brief. (Docs. # 52, 53).

[2] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts that could be established through live testimony at trial. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

Officer Sellers immediately handcuffed Plaintiff, and when she asked for an explanation, he stated that it was "standard procedure." (*Id.* ¶ 5). Plaintiff, a 5'2" woman, was cooperating with the officer, had no weapons, and did not act in an aggressive or threatening manner. (*Id.* ¶¶ 11-13). Plaintiff was kept in handcuffs even after two additional officers (both male) arrived. (*Id.* ¶ 10). Defendants have provided body camera footage from those two additional officers, Officers Ragsdale and Moses, who arrived after Plaintiff was handcuffed and removed from her car, but not from Officer Sellers. (*See* Docs. # 49-1, 51-1).

Officer Sellers searched Plaintiff's car. (Doc. # 49-1). She acknowledged that she had smoked marijuana earlier in the day, and that likely caused the odor. (*Id.*). After searching Plaintiff's car, Officer Sellers claimed to find marijuana, and body camera footage shows him removing a bag from the car. (*Id.*). However, the marijuana charge against Plaintiff was ultimately dropped for lack of evidence, and the marijuana allegedly found in Plaintiff's car was never produced at any point during the criminal proceedings against Plaintiff, despite requests from her attorney. (Doc. # 60-1 ¶¶ 19-20).

After searching Plaintiff's car, Defendants conducted three field sobriety tests on Plaintiff, each of which she passed. (Doc. # 49-1). Officer Sellers told Plaintiff, "I don't believe you're going to be under the influence to operate your car safely, okay?" (*Id.*). Defendants issued Plaintiff citations for the traffic violation and possession of marijuana, but they did not arrest her. (*Id.*). After conducting the field sobriety tests, the officers stepped to the side to speak amongst themselves, and Officer Sellers stated, "I know the Chief is wanting to tow [in] these incidents." (*Id.*). Officer Ragsdale responded that, because Plaintiff was the driver and possessed marijuana, they were still going to tow because it was "incident to arrest." (*Id.*). The officers told Plaintiff she was free to go but would need to call someone to give her a ride because they were going to tow

her car. (*Id.*). Officer Ragsdale spoke to Plaintiff's father on the phone and told him that they were towing Plaintiff's car because "it's like an arrest," but because of coronavirus regulations, Plaintiff would not be going to jail. (*Id.*). Rather, she received a citation and summons to attend court. (*Id.*). Defendants then proceeded to tow Plaintiff's car. (*Id.*).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56(c) requires the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial by pointing to affidavits, depositions, answers to interrogatories, and/or admissions on file. *Id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub. Educ. For Bibb Cnty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c) a plaintiff may not simply rest on her allegations made in the complaint; instead, as the party bearing the burden of proof at trial, she must come forward with at least some evidence to support each element essential to her case at trial. *See Anderson*, 477 U.S. at 248 ("[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'") (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)) (cleaned up).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Sawyer*, 243 F. Supp. 2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is

clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

Although the court must resolve all reasonable doubts in favor of the non-movant, this does not mean the court cannot rely on objective videotape evidence. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Thus, if a videotape clearly depicts events and leaves no material factual disputes, the court need not rely on one party's version of facts when they are obviously discredited by the evidence. *Id.* at 380-81.

**III.   ANALYSIS**

The Motion for Summary Judgment (Doc. # 52) is due to be denied because a reasonable jury could find that Defendants violated Plaintiff's clearly established rights when they handcuffed Plaintiff and towed her car without proper justification.

Title 42 U.S.C. § 1983 provides a private cause of action against any person who, "under color of" state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Plaintiff brings one § 1983 claim against Defendants Marcus Sellers, Mareshah Moses, and Anthony Ragsdale, in their individual capacities, alleging unconstitutional seizures in violation of the Fourth and Fourteenth Amendments (Count V). (Doc. # 32 at 66). Specifically, Plaintiff claims that Defendants violated her Fourth Amendment right to be free from unreasonable searches and seizures when they (1) handcuffed Plaintiff (and kept her handcuffed) during the traffic stop; and (2) towed and impounded Plaintiff's vehicle. (*Id.* ¶¶ 420-

21). Defendants argue they are entitled to qualified immunity from Plaintiff's claims.[3] (Doc. # 53 at 10).

### A. Qualified Immunity Standard

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To be eligible for qualified immunity, an officer must first prove that he was acting within his discretionary authority when the alleged misconduct occurred. *See, e.g., Richmond v. Badia*, 47 F.4th 1172, 1179 (11th Cir. 2022).

An officer acts within his discretionary authority when his behavior is "(1) undertaken pursuant to the performance of his duties, and (2) within the scope of his authority." *Est. of Cummings v. Davenport*, 906 F.3d 934, 940 (11th Cir. 2018) (quoting *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998)). In other words:

> Our inquiry is two-fold. We ask whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize.

*Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). An officer may still act within his discretionary authority even when violating the constitution. *See Mikko v. City of Atlanta*, 857 F.3d 1136, 1144 (11th Cir. 2017); *Holloman*, 370 F.3d at 1266. The relevant question is "whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." *Harbert*, 157 F.3d at 1282 (citations and internal quotations omitted).

---

[3] Defendants also argue that Plaintiffs' purported class action claims fail to satisfy Federal Rule of Civil Procedure 23. (Doc. # 53 at 4-5). Because the only claim filed against these Defendants (Count V) is an individual claim brought by Plaintiff Coleman, not a purported class action claim, these arguments do not relate to the Motion for Summary Judgment, and the court does not address them.

If the officer proves he was acting within his discretionary authority, then the burden shifts to the plaintiff to demonstrate that qualified immunity is not appropriate by showing that (1) the officer violated a constitutional right; and (2) that right was clearly established at the time. *See, e.g.*, *Richmond*, 47 F.4th at 1179.  Courts have discretion to decide which of these questions should be addressed first in light of the circumstances of the particular case at hand. *See Pearson*, 555 U.S. at 236.

A right is clearly established when a reasonable officer "could have believed" his actions were lawful at the time. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). But, on the other hand, officers are not immune if "no reasonably competent officer would have" acted the way the defendant did. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action." *Creighton*, 483 U.S. at 639.

> Rights may be clearly established for qualified immunity purposes by one of three methods: (1) case law with indistinguishable facts clearly establishing the constitutional right, (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right, or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law.

*Crocker v. Beatty*, 886 F.3d 1132, 1137 (11th Cir. 2018) (internal quotations omitted) (quoting *Lewis v. City of West Palm Beach*, 561 F.3d 1288, 1291-92 (11th Cir. 2009)). In this circuit, "only Supreme Court cases, Eleventh Circuit caselaw, and [state] Supreme Court caselaw can 'clearly establish' law." *Thomas ex rel. Thomas v. Roberts*, 323 F.3d 950, 955 (11th Cir. 2003).

Even when considering whether a right is clearly established, "courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). The Supreme Court has "instructed that courts should define the 'clearly

established' right at issue on the basis of the 'specific context of the case.'" *Id.* at 657 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds by Pearson*, 555 U.S. at 236). "Accordingly, courts must take care not to define a case's 'context' in a manner that imports genuinely disputed factual propositions." *Id.*

Here, Defendants were acting within their discretionary authority because conducting a traffic stop and impounding a vehicle pursuant to a criminal ordinance are legitimate law enforcement functions for police officers. *See Holloman*, 370 F.3d at 1265. However, Plaintiff has demonstrated that qualified immunity is not appropriate by pointing to genuine factual disputes over whether Defendants acted reasonably when handcuffing Plaintiff and impounding her vehicle. Resolving any doubts in favor of Plaintiff, the non-movant, a reasonable jury could find that Defendants violated Plaintiff's clearly established Fourth Amendment rights, and thus summary judgment is not warranted at this stage.

### B.     The Handcuffing Claim

There is not a bright-line rule for when handcuffing an individual constitutes an unreasonable seizure in violation of the Fourth Amendment. But what is clear, at a minimum, is that police officers cannot handcuff a suspect for no reason. Here, because Defendants have not put forth any explanation or justification for handcuffing Plaintiff, summary judgment is not appropriate.

Police may handcuff a detainee during an investigatory stop when they reasonably believe that doing so is necessary to "protect themselves" or "maintain the status quo." *United States v. Kapperman*, 764 F.2d 786, 790 n.4 (11th Cir. 1985); *see Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1305-06 (11th Cir. 2006). But the court cannot determine whether an officer's decision to handcuff a detainee was reasonable if the officer gives no reason for the handcuffing. *See*

*Kapperman*, 764 F.2d at 790 n.4 ("Because no one testified about the events that transpired immediately upon the stopping of the vehicle, we are unable to discern whether the actions were reasonable. It is the government's burden to demonstrate that a seizure it seeks to justify on the basis of reasonable suspicion was sufficiently limited in scope and duration."); *Florida v. Royer*, 460 U.S. 491, 500 (1983).

In *Gray*, the Eleventh Circuit found that a police officer was not entitled to qualified immunity when the only reason he gave for handcuffing a nine-year-old student was to "persuade her to get rid of her disrespectful attitude and to impress upon her the serious nature of committing crimes." 458 F.3d at 1306. Importantly, the officer did not claim that he handcuffed the plaintiff in order to protect his or anyone else's safety or "to pursue an investigation to confirm or dispel his suspicions that [the plaintiff] had committed a misdemeanor." *Id.* at 1306-07. In the absence of any safety or investigative rationale, the court found the handcuffing was an unreasonable seizure in violation of the Fourth Amendment. *Id.* at 1307; *see also Harris v. Byner*, No. 12cv591, 2014 WL 129040, at *2-7 (M.D. Ala. Jan 14, 2014) (finding "that the use of handcuffing during a *Terry* stop with *no justification* is 'well beyond the hazy border that sometimes separates lawful conduct from unlawful conduct, such that every objectively reasonable officer would have known that the conduct was unlawful'") (emphasis in original), *aff'd mem. sub nom. Harris v. City of Montgomery*, 580 F. App'x 874 (11th Cir. 2014) (affirming "for the reasons set forth in the district court's well-reasoned order").

Here, as Plaintiff argues, "[a]t no point did [Plaintiff] give Officer Sellers, or any other officer, any reason to believe she posed a threat in any way, including threats to them, herself, or their investigation." (Doc. # 61 ¶ 13). Defendants do not contest this claim, nor do they provide

9

any reason for handcuffing Plaintiff.[4] Moreover, the body camera footage Defendants have provided begins *after* Officer Sellers handcuffed Plaintiff and thus does not depict the circumstances leading up to the handcuffing. On this sparse evidentiary record, Defendants are not entitled to summary judgment. *See Celotex*, 477 U.S. at 322.

### C.     The Towing Claim

Similarly, police may not tow a person's vehicle without lawful justification. *See South Dakota v. Opperman*, 428 U.S. 364, 367 (1976). Here, there is a genuine factual dispute as to whether towing Plaintiff's car was reasonable under the circumstances, and thus summary judgment is also not appropriate for this claim.

"The right to be free from warrantless seizures of personal property, absent an applicable exception, was clearly established to the point of obvious clarity in 2012." *Crocker*, 886 F.3d at 1132. The government bears the burden of proving that an exception to the warrant requirement applies. *United States v. Holloway*, 290 F.3d 1331, 1337 (11th Cir. 2002). "[A]utomobiles are 'effects' and thus within the reach of the Fourth Amendment." *Opperman*, 428 U.S. at 367. Thus, police cannot tow and impound a person's vehicle without cause.

Defendants offer two possible justifications for towing Plaintiff's vehicle. First, they claim it was impounded incident to arrest. (*See* Doc. # 49-1). When a driver is custodially arrested, police are permitted to tow and impound the arrestee's car. *See Sammons v. Taylor*, 967 F.2d 1533, 1543 (11th Cir. 1992); *Opperman*, 428 U.S. at 369. However, "[w]ithout question, a person who is subject only to a non-custodial arrest may not have his property seized on the basis of that same arrest. Absent some extenuating circumstances, such a seizure would be unreasonable and in

---

[4] Plaintiff made this statement in her Response to Defendants' Motion for Summary Judgment. (Doc. # 61). Defendants did not file a Reply. Pursuant to this court's Initial Order: "*All additional material facts set forth in the statement required of the opposing parties will be deemed to be admitted for summary judgment purposes unless controverted by the statement of the movant.*" (Doc. # 26 at 17) (emphasis in original).

10

violation of the Fourth Amendment." *Morton v. State*, 452 So. 2d 1361, 1364 (Ala. Crim. App. 1984), *overruled on other grounds by Cannon v. State*, 601 So. 2d 1112 (Ala. Crim. App. 1992).

In this case, Plaintiff was not custodially arrested. Defendants cited her for the traffic violation and possession of marijuana but did not take her into custody. (Doc. # 49-1). Thus, as Plaintiff's car was not towed incident to arrest, Defendants' first argument fails.

Second, Defendants assert that they towed Plaintiff's car because she was under the influence of marijuana. (Doc. # 53 at 9). They claim that "[b]ased on the somewhat inconclusive field sobriety tests . . . Officer Sellers erred on the side of caution and decided to tow her vehicle even though [P]laintiff disputed that she was under the influence of marijuana." (*Id.*). However, body camera footage flatly contradicts this explanation. After conducting three field sobriety tests, Officer Sellers told Plaintiff, "I don't believe you're going to be under the influence to operate your car safely, okay?" (Doc. # 49-1). But, when talking to his fellow officers shortly later, Officer Sellers stated that "the Chief" wanted them to tow in these circumstances, and Officer Ragsdale responded that they could tow "incident to arrest." (*Id.*). Thus, resolving any reasonable doubts and inferences in the non-movant's favor, Defendants have not provided a satisfactory justification for their decision to tow Plaintiff's car, and therefore summary judgment is not appropriate.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion (Doc. # 52) is due to be denied. A corresponding Order will be entered.

**DONE** and **ORDERED** this October 28, 2022.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE