FILED

2022 Dec-21  PM 05:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| | Filed in Civil Action Nos.: |
| BRITTANY COLEMAN, et al.,<br>　　　　　Plaintiffs,<br>　　　v.<br>THE TOWN OF BROOKSIDE,<br>ALABAMA, et al.,<br>　　　　　Defendants.<br>------------------------------ | 2:22-cv-423-AMM (*Coleman*)<br>(putative class action) |
| COREY THOMAS, et al.,<br>　　　　　Plaintiffs,<br>　　　v.<br>THE TOWN OF BROOKSIDE,<br>ALABAMA, et al.,<br>　　　　　Defendants.<br>------------------------------ | 2:22-cv-157-AMM (*Thomas*)<br>(putative class action) |
| SEAN WATTSON, et al.,<br>　　　　　Plaintiffs,<br>　　　v.<br>THE TOWN OF BROOKSIDE,<br>ALABAMA,<br>　　　　　Defendant.<br>------------------------------ | 2:21-cv-649-AMM (*Wattson*)<br>(putative class action) |
| SANDRA HARRIS,<br>　　　　　Plaintiff,<br>　　　v.<br>THE TOWN OF BROOKSIDE,<br>ALABAMA and MICHAEL JONES,<br>　　　　　Defendants. | 2:21-cv-1341-AMM (*Harris*)<br>(individual action) |

## JOINT STATUS REPORT REGARDING
## ALL PARTIES' VIEWS ON CONSOLIDATION OF CASES

On December 7, the Court ordered all parties in the four above-captioned cases "to meet and confer and submit a joint status report stating their views regarding consolidation of all four above-named cases within fourteen days."

The Court also scheduled a status conference regarding the same on January 5 at 9:00 a.m., in Courtroom 5B, Hugo L. Black U.S. Courthouse, Birmingham, AL.

Pursuant to that order, counsel for all parties met and conferred on December 14. We submit this joint status report, stating the views of each party in each case regarding consolidation of the four cases—which all parties currently oppose.

* * *

As the Court is aware:

(1) three of the cases (*Coleman*, *Thomas*, and *Wattson*) are putative class actions, while one (*Harris*) is an individual action;

(2) the plaintiffs in the four cases are represented by different counsel, except for unity of representation between the plaintiffs in *Thomas* and *Wattson* (and one overlapping lawyer in *Coleman* and *Harris*);

(3) the plaintiffs in *Thomas* and *Wattson* have moved for consolidation of those two cases, and that opposed motion is fully briefed and pending;

(4) distinct motions to dismiss are fully briefed and pending in all four separate cases (though *Harris*, the individual case, is currently stayed);

(5) discovery is currently stayed in all four cases.

2

As detailed below in each party's statement (which we note are sometimes redundant, for ease of reference by case), no party in any of the cases believes consolidation is warranted (at least for now), with the exception of the *Thomas* and *Wattson* plaintiffs' motion to consolidate those cases (which the defendants in those cases oppose, and on which the *Coleman* and *Harris* plaintiffs take no position).

**Statements of position on consolidation (by case and party):**

**1. *Coleman et al. v. Brookside et al.*, 2:22-cv-423 (putative class action)**

| Parties | Positions on consolidation |
|---|---|
| Plaintiffs | The *Coleman* plaintiffs currently oppose consolidation.<br><br>As detailed in our motion for reassignment, we believe that a single judge is best positioned to resolve the three putative class actions consistently and efficiently. *See Thomas* Doc. 72 at 8–12.<br><br>However, at least at this stage, formal consolidation is unwarranted. Motions to dismiss are pending in all four cases. So—while the class actions here have "potential overlaps," *Thomas* Doc. 72 at 10—neither the parties nor the Court know what claims, defenses, issues, or defendants will remain in the various cases until the motions to dismiss are resolved. In such circumstances, courts "conclude[] that consolidation is premature." Wright & Miller, Fed. Prac. & Proc. § 2383 at 20 & n.15.50 (2022 Supp.) (collecting cases).<br><br>Similarly, we do not know which claims or issues will be class-certified in any of the three class actions. Moreover, because discovery is stayed, consolidation would realize no immediate cost or efficiency benefits.[1] |

---

[1] We note that in October, Judge Proctor held that the sole non-class claim in *Coleman* could proceed against the three Brookside police officers named in that case. *See Coleman* Doc. 67. We have discussed beginning discovery on that claim with those officers' counsel and anticipate filing a joint motion on that matter in the coming weeks.

| | |
|---|---|
| | In short: At this stage, neither the parties nor the Court can predict what matters or issues, if any, would benefit from consolidation. So the *Coleman* plaintiffs respectfully submit that consolidation is inappropriate. Of course, when discovery opens, we will endeavor to coordinate with other parties and the Court to avoid undue burdens. |
| Brookside | The Town opposes consolidation of the four cases filed against it that are currently pending before Judge Manasco. Should discovery commence in any of them, though, the Town would be interested in obtaining a working agreement to consolidate discovery among all four in the most efficient and practical manner possible. |
| Jett's Towing LLC | Jett's Towing LLC (Jett's) opposes consolidation of the *Coleman* case and the *Thomas* case (the two cases Jett's is a party). Jett's would also oppose consolidation of the other two cases, which Jett's is not a party, with *Coleman* and/or *Thomas*. Jett's would be willing to work with opposing counsel and the Court to consolidate discovery in *Coleman* and *Thomas* to promote efficiency and avoid unnecessary burdens. |
| Individual Defendants | The individual defendants, separately and severally, assert that possible consolidation of these cases presents an unquantifiable mixture of potential benefits, detriments, probable undue prejudice and unfair advantage to the plaintiffs.<br><br>The individual defendants also assert that:<br><br>1. each of them do not concede that "consolidation" equates to an acquiescence by them that these individual cases are otherwise appropriate to be certified as a "class action," and that potential consolidation of cases presents an unwarranted prejudice to each individual defendant that the claims may otherwise de facto be treated as such, based on the elements below.<br><br>2. each discrete plaintiff in a potential consolidation of cases otherwise experienced unique individual interactions with a variable number and mixture of Brookside Police Officers for different infractions, while driving different vehicles at different times of different days, with individualized claims and allegations for various constitutional infringements, for which the |

individual defendants will have offsetting unique individual defenses based on the circumstances in issue, the management of which in a consolidation of cases presents an unknown array of otherwise predictable prejudices, problems and other unnecessary obstacles to a fair and full defense by the individual defendants to each discrete plaintiff's claims.

3. those defenses include, among others, raising the affirmative defenses of qualified immunity, State Agent Immunity and Peace Officer Immunity under State law whenever appropriate, and further present the probability that denial of any one individual defendant's motion for invoking any of these defenses presents the distinct possibility that an immediate interlocutory appeal might be taken, which would thereby effect a stay of all proceedings pending an appellate ruling, which stay would further delay a consolidated action for an indeterminate amount of time while the appeal is pending.

4. the individual defendants also recognize the potential benefits of a consolidation of cases if there is a single cohesive discovery plan and process whereby the individual defendants only have to respond to one agreed-upon series of discovery requests and be required to sit for only one agreed-upon deposition. Should such a cohesive discovery plan be approved by the Court, execution of same would result in a wealth of savings of time, effort, costs and expense to all the parties.

5. the individual defendants also recognize the potential benefit of a consolidation of cases should the Court order the consolidated matter to a Mediation or other Alternative Dispute Resolution procedure as permitted under this District's ADR Plan.

6. the individual defendants also recognize a consolidation of cases may likewise limit potential exposure to multiple claims of attorney fee awards under 42 USC § 1988, should a jury render a verdict in favor of plaintiffs.

7. the individual defendants also reserve the right to amend and supplement this position on consolidation.

**2. *Thomas et al. v. Brookside et al.*, 2:22-cv-157 (putative class action)**

| Parties | Positions on consolidation |
|---|---|
| Plaintiffs | Plaintiffs in *Thomas* have requested that the case be consolidated with *Wattson*. Plaintiffs have filed a Motion, Doc. 29, requesting that consolidation, and stating the valid reasons therefore, and take the position that those two cases, having the same counsel and overlap amongst the defendants, are due to be consolidated per the Proposed Consolidated Complaint attached to the Motion. Plaintiffs do not propose consolidation of the remaining cases. As the first filed actions, pursuant to *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005), Plaintiffs propose that they proceed with discovery to certification. To the extent that later filed actions proceed concurrently, Plaintiffs propose that discovery be coordinated to avoid duplication of efforts and to promote efficiency. |
| Brookside | The Town opposes consolidation of the four cases filed against it that are currently pending before Judge Manasco. Should discovery commence in any of them, though, the Town would be interested in obtaining a working agreement to consolidate discovery among all four in the most efficient and practical manner possible. |
| Jett's Towing LLC | Jett's Towing LLC (Jett's) opposes consolidation of the *Coleman* case and the *Thomas* case (the two cases Jett's is a party). Jett's would also oppose consolidation of the other two cases, which Jett's is not a party, with *Coleman* and/or *Thomas*. Jett's would be willing to work with opposing counsel and the Court to consolidate discovery in *Coleman* and *Thomas* to promote efficiency and avoid unnecessary burdens |
| Individual Defendants (except P. Howle) | The individual defendants, separately and severally, assert that possible consolidation of these cases presents an unquantifiable mixture of potential benefits, detriments, probable undue prejudice and unfair advantage to the plaintiffs.<br><br>The individual defendants also assert that:<br><br>1. each of them do not concede that "consolidation" equates to an acquiescence by them that these individual |

cases are otherwise appropriate to be certified as a "class action," and that potential consolidation of cases presents an unwarranted prejudice to each individual defendant that the claims may otherwise de facto be treated as such, based on the elements below.

2.  each discrete plaintiff in a potential consolidation of cases otherwise experienced unique individual interactions with a variable number and mixture of Brookside Police Officers for different infractions, while driving different vehicles at different times of different days, with individualized claims and allegations for various constitutional infringements, for which the individual defendants will have offsetting unique individual defenses based on the circumstances in issue, the management of which in a consolidation of cases presents an unknown array of otherwise predictable prejudices, problems and other unnecessary obstacles to a fair and full defense by the individual defendants to each discrete plaintiff's claims.

3.  those defenses include, among others, raising the affirmative defenses of qualified immunity, State Agent Immunity and Peace Officer Immunity under State law whenever appropriate, and further present the probability that denial of any one individual defendant's motion for invoking any of these defenses presents the distinct possibility that an immediate interlocutory appeal might be taken, which would thereby effect a stay of all proceedings pending an appellate ruling, which stay would further delay a consolidated action for an indeterminate amount of time while the appeal is pending.

4.  the individual defendants also recognize the potential benefits of a consolidation of cases if there is a single cohesive discovery plan and process whereby the individual defendants only have to respond to one agreed-upon series of discovery requests and be required to sit for only one agreed-upon deposition. Should such a cohesive discovery plan be approved by the Court, execution of same would result in a wealth of savings of time, effort, costs and expense to all the parties.

| | |
|---|---|
| | 5. the individual defendants also recognize the potential benefit of a consolidation of cases should the Court order the consolidated matter to a Mediation or other Alternative Dispute Resolution procedure as permitted under this District's ADR Plan.<br><br>6. the individual defendants also recognize a consolidation of cases may likewise limit potential exposure to multiple claims of attorney fee awards under 42 USC § 1988, should a jury render a verdict in favor of plaintiffs.<br><br>7. the individual defendants also reserve the right to amend and supplement this position on consolidation. |
| Individual Defendant P. Howle | Patrick Howle shares the same concerns voiced by other individual defendants. However, he was not employed as a law enforcement officer at Brookside within the relevant statute of limitations period and anticipates being dismissed from the case—voluntarily by the Plaintiffs or on statute of limitations grounds through a Motion for Summary Judgment. |

### 3. *Wattson et al. v. Brookside*, 2:21-cv-649 (putative class action)

| Parties | Positions on consolidation |
|---|---|
| Plaintiffs | Plaintiffs in *Wattson* have requested that the case be consolidated with *Thomas*. Plaintiffs have filed a Motion, Doc. 29, requesting that consolidation, and stating the valid reasons therefore, and take the position that those two cases, having the same counsel and overlap amongst the defendants, are due to be consolidated per the Proposed Consolidated Complaint attached to the Motion. Plaintiffs do not propose consolidation of the remaining cases. As the first filed actions, pursuant to *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005), Plaintiffs propose that they proceed with discovery to certification. To the extent that later filed actions proceed concurrently, Plaintiffs propose that discovery be coordinated to avoid duplication of efforts and to promote efficiency. |
| Brookside | The Town opposes consolidation of the four cases filed against it that are currently pending before Judge |

| | Manasco. Should discovery commence in any of them, though, the Town would be interested in obtaining a working agreement to consolidate discovery among all four in the most efficient and practical manner possible. |

### 4. *Harris v. Brookside et al.*, 2:21-cv-1341 (individual action)

| Parties | Positions on consolidation |
| --- | --- |
| Plaintiff | For reasons similar to those stated by the *Coleman* plaintiffs, the *Harris* plaintiff opposes consolidation. Consolidation of *Harris* with any of the other cases is particularly unwarranted because *Harris* is an individual, non-class action that may be prejudiced by the additional procedures inherent in class action litigation. |
| Brookside | The Town opposes consolidation of the four cases filed against it that are currently pending before Judge Manasco. Should discovery commence in any of them, though, the Town would be interested in obtaining a working agreement to consolidate discovery among all four in the most efficient and practical manner possible. |
| Individual Defendant M. Jones | The individual defendants, separately and severally, assert that possible consolidation of these cases presents an unquantifiable mixture of potential benefits, detriments, probable undue prejudice and unfair advantage to the plaintiffs. |
| | The individual defendants also assert that: |
| | 1. each of them do not concede that "consolidation" equates to an acquiescence by them that these individual cases are otherwise appropriate to be certified as a "class action," and that potential consolidation of cases presents an unwarranted prejudice to each individual defendant that the claims may otherwise de facto be treated as such, based on the elements below. |
| | 2. each discrete plaintiff in a potential consolidation of cases otherwise experienced unique individual interactions with a variable number and mixture of Brookside Police Officers for different infractions, while driving different vehicles at different times of different days, with individualized claims and allegations for various constitutional infringements, for which the |

individual defendants will have offsetting unique individual defenses based on the circumstances in issue, the management of which in a consolidation of cases presents an unknown array of otherwise predictable prejudices, problems and other unnecessary obstacles to a fair and full defense by the individual defendants to each discrete plaintiff's claims.

3. those defenses include, among others, raising the affirmative defenses of qualified immunity, State Agent Immunity and Peace Officer Immunity under State law whenever appropriate, and further present the probability that denial of any one individual defendant's motion for invoking any of these defenses presents the distinct possibility that an immediate interlocutory appeal might be taken, which would thereby effect a stay of all proceedings pending an appellate ruling, which stay would further delay a consolidated action for an indeterminate amount of time while the appeal is pending.

4. the individual defendants also recognize the potential benefits of a consolidation of cases if there is a single cohesive discovery plan and process whereby the individual defendants only have to respond to one agreed-upon series of discovery requests and be required to sit for only one agreed-upon deposition. Should such a cohesive discovery plan be approved by the Court, execution of same would result in a wealth of savings of time, effort, costs and expense to all the parties.

5. the individual defendants also recognize the potential benefit of a consolidation of cases should the Court order the consolidated matter to a Mediation or other Alternative Dispute Resolution procedure as permitted under this District's ADR Plan.

6. the individual defendants also recognize a consolidation of cases may likewise limit potential exposure to multiple claims of attorney fee awards under 42 USC § 1988, should a jury render a verdict in favor of plaintiffs.

7. the individual defendants also reserve the right to amend and supplement this position on consolidation.

December 21, 2022                    Respectfully submitted,

                                    s/ Jaba Tsitsuashvili
William M. Dawson                   Jaba Tsitsuashvili (DC Bar No. 1601246)*
DAWSON LAW OFFICE                   Samuel B. Gedge (VA Bar No. 80387)*
1736 Oxmoor Road, #101              Victoria Clark (TX Bar No. 24109731)*
Birmingham, AL 35209                Suranjan Sen (TN Bar No. 038830)*
Phone: (205) 795-3512              INSTITUTE FOR JUSTICE
Email: bill@billdawsonlaw.com       901 North Glebe Road, Suite 900
                                    Arlington, VA 22203
                                    Phone: (703) 682-9320
                                    Fax: (703) 682-9321
                                    Email: jtsitsuashvili@ij.org; sgedge@ij.org;
                                    tclark@ij.org; ssen@ij.org

                                    William R. Maurer (WA Bar No. 25451)*
                                    INSTITUTE FOR JUSTICE
                                    600 University Street, Suite 1730
                                    Seattle, WA 98101
                                    Phone: (206) 957-1300
                                    Email: wmaurer@ij.org

                                    *Admitted pro hac vice

                                    *Counsel for Coleman Plaintiffs*

(All additional counsel, as signatories by permission, listed below.)

s/ R. Warren Kinney
James W. Porter, II
R. Warren Kinney
*Attorneys for Town of Brookside*
**Porter, Porter & Hassinger, P.C.**
880 Montclair Road, Suite 175
Birmingham, AL 35213
jwporterii@pphlaw.net
wkinney@pphlaw.net


/s/ Jay Tidwell
Jay Tidwell
*Attorney for Jett's Towing LLC*
**Tidwell Law Group, LLC**
2001 Park Place N. Ste 253
Email: jay@tidwelllawgroup.com
Phone: 205-536-7770
Fax:    205-536-9211


/s/ Brian M. Clark
Brian M. Clark
*Attorney for Thomas/Wattson Plaintiffs*
**OF COUNSEL**
WIGGINS, CHILDS, PANTAZIS,
FISHER, & GOLDFARB, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0530
Facsimile: (205) 254-1500
Email: bclark@wigginschilds.com

/s/ Thomas S. Hale (HAL004)
Thomas S. Hale
thale@halesides.com
*Attorney for Individual Defendants (except*
*P. Howle) in Coleman, Thomas, and Harris*
OF COUNSEL: HALE SIDES LLC
600 Financial Center 505 20th Street North
Birmingham, Alabama 35203

s/ M. Jansen Voss
M. Jansen Voss
Margaret H. Clanton
*Attorneys for Officer Patrick Howle in*
*Thomas*
**OF COUNSEL:**
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
T (205) 795-6588  F (205) 328-7234
mjvoss@csattorneys.com
mhclanton@csattorneys.com

s/ William M. Dawson
William M. Dawson
DAWSON LAW OFFICE
*Counsel for Harris Plaintiff*
1736 Oxmoor Road, #101
Birmingham, AL 35209
Phone: (205) 795-3512
Email: bill@billdawsonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in:

*Coleman et al. v. Town of Brookside et al.*, 2: 22-cv-423-AMM

*Thomas et al. v. Town of Brookside et al.*, 2:22-cv-157-AMM

*Wattson et al. v. Town of Brookside*, 2:21-cv-649-AMM

*Harris v. Town of Brookside et al.*, 2:21-cv-1341-AMM

s/ Jaba Tsitsuashvili
Jaba Tsitsuashvili (DC Bar No. 1601246)
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA 22203
Phone: (703) 682-9320
Fax: (703) 682-9321
Email: jtsitsuashvili@ij.org
